Clark *v.* Smith.

---

Warner L. Clark, Owner of the Steamboat Uncle Toby, Plaintiff in Error, *v.* Nathaniel Smith, Defendant in Error.

ERROR TO JO DAVIESS.

In an attachment against a boat for supplies furnished, the action will not be sustained except for such supplies as are used or consumed upon or in running the boat.

To maintain his action for such supplies, it is incumbent on the plaintiff to show not only, that the supplies were furnished, but that they were actually to be consumed and used on the boat.

Articles transported as merchandise and for sale do not come within the purview of the statute.

SMITH commenced his suit in the circuit court by attachment sued out for $387.30, due upon a promissory note given by the steamboat Uncle Toby, made and executed by the clerk of the boat, that the debt was justly the debt of said boat, &c. Upon this attachment the boat was seized. The declaration averred for materials, firewood, coal, &c., furnished for the use of the boat. The proofs as taken are sufficiently stated in the opinion of the court. The cause was heard before SHELDON, Judge, at August term, 1852, of the Jo Daviess Circuit Court, and resulted in a verdict and judgment for the plaintiff below. A motion for a new trial was denied.

HIGGINS and STROTHER, for plaintiff in error.

MANNING and DOUGLASS, for defendant in error.

CATON, J. It is unnecessary to examine any of the questions made in relation to the verdict or the form of the judgment, as the verdict should have been set aside for the reason that it was clearly contrary to the evidence.

The suit was by attachment against the steamboat Uncle Toby, for supplies furnished her while navigating the Mississippi river. There is no controversy that the suit cannot be maintained except for supplies furnished, to be consumed or used upon or in running the boat, and that supplies or coal which were purchased not for the use or consumption of the boat, but to be transported, and sold again, cannot be recovered for in this form of action. The bill of exception satisfactorily shows, that it contains all of the evidence given to the jury on the trial. Almost the entire amount allowed by the jury was for coal, which the captain of the boat swears he purchased not for the consumption or use of the boat, but to be taken to Galena and Dubuque, and there sold on a speculation, and that this was well understood at the time the coal was purchased of the plaintiff. Another witness swears that he was present a part of the time when the contract was being made, but he does not know or pretend to know whether the coal was to be consumed on the boat or not. It may be here remarked, that it was necessary for the plaintiff to show, in order to maintain the action, not only that the supplies were furnished, but also that they were actually furnished for the use of the boat, and to be consumed or used on her, and that it was not the duty of the

Clark *v.* Smith.

defendant in the first instance to prove that they were not furnished for that purpose. In this case, however, the proof is positive that, by far the greater part of the coal was purchased on speculation. The testimony of the captain on this point is positive, while the testimony of the other witness shows that he professed to know nothing about it. There is no rule of law which will authorize a jury to set aside and disregard the positive testimony of an unimpeached witness who does know the fact sworn to, for the testimony of a witness who says he does not know, and who does not even profess to contradict the statements of the first witness. But beyond this, the very quantity of coal furnished by the plaintiff was sufficient to admonish him that it was not, and could not have been intended for the consumption of the boat, even had the captain professed to have purchased it for that purpose. On the very last trip, two barges were loaded, which would carry from two thousand five hundred to four thousand bushels each. Here on one trip was taken from five to eight thousand bushels of coal, while the evidence shows that one hundred bushels was a reasonable allowance of fuel for the trip. The very statement of the fact is of itself sufficient to convince any unprejudiced mind that the plaintiff must have known that the coal was purchased for purposes other than consumption on the boat. Under the law, the owners of the boat had authorized the plaintiff to furnish supplies for the use of the boat only, upon her pledge as security, and beyond that, the plaintiff knew that his security could not extend. To furnish coal or provisions which he knew, or had reason to know, were not for the use of the boat upon a pretence of supplies for the boat, was a fraud upon the owners. As well might he have supplied the boat with an hundred barrels of pork, or a whole drove of cattle, and then pretended that he supposed in good faith that they were intended for victualling the boat. The proposition is so naked that it will not bear argument, and we are constrained to the conclusion, that the jury did not understand that they could not, in this proceeding, allow the plaintiff, except for supplies furnished for the boat's consumption.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*