AMOS L. MERRIMAN et al., Administrators, &c., Plaintiffs in Error, *v.* CANAL BOAT COL. BUTTS, Defendant in Error.

#### ERROR TO PEORIA.

An attachment, under chapter ten of the Revised Statutes, will not lie for towing a canal boat.

THE bill of exceptions in this case shows, that in November, 1851, the steamer Governor Briggs, running on the Illinois River between Peoria and La Salle, belonging to Luke Woods, the plaintiffs' intestate, towed the canal boat " Col. Butts," from Peoria to La Salle; that there was no price agreed upon for the towing; but the usual and fair price was $40 ; that before the towing commenced, the owner of the canal boat and his son, asked witness how much he would charge for towing, &c.; that he answered $40 ; no reply was made; that the Briggs then towed the canal boat safely to La Salle.

The circuit court of Peoria county, at December term, 1853, PETERS, Judge, presiding, held that this was not a case within the provision of the statute authorizing attachments against

boats, &c.   This objection was taken and insisted upon at the
trial before the justice of the peace.   This action was originally
commenced before a justice of the peace.

Manning & Merriman, for plaintiffs in error.

E. N. Powell, for defendant in error.

Scates, J.   The statute in relation to " attachments of boats
and vessels," R. S. 45, p. 71, sec. 1, provides that boats and
vessels of all descriptions, built, repaired, or equipped, or run-
ning upon any of the navigable waters within the jurisdiction
of this State, shall be liable for all debts contracted by the
owner, master, supercargo, or consignee, on account of " all
work done, supplies or materials furnished by mechanics, trades-
men, and others, for, on account of, or towards the building, re-
pairing, fitting, furnishing, or equipping such boats or vessels,
their engines, machinery, sails, rigging, tackle, apparel, and fur-
niture," and such debts have the preference of all other debts of
the owner, except the wages of mariners, boatmen, and others
employed in the service of such vessel, which shall first be
paid.

The 2d section gives to any person " having a demand, con-
tracted as before mentioned," an attachment.

The 4th section gives the same remedy by attachment to " all
engineers, pilots, mariners, boatmen, and others employed in
any capacity, in or about the service of any such boat or
vessel," for " arrearages of wages in consequence of such ser-
vice."

The canal boat Col. Butts was, by contract, towed from
Peoria to La Salle, by the steamer of plaintiffs' intestate, for
which the owners of the Col. Butts were to pay $40.

The only question presented is, Whether an attachment for
the debt will lie under this statute.   We think not.

There is a manifest difference between the classes of creditors
mentioned in the first and last clauses of the first section ; and
this difference in the debts themselves, that wages due to those
in the service of the boat or vessel have preference over the
others.

The debts of the first clause can only arise from contracts
with the " owner or owners, masters, supercargo, or consignees,"
when made in relation to work done, supplies or materials for,
on account of, or towards the building, repairing, fitting, furnish-
ing, or equipping the vessels, their engines, machinery, sails,
rigging, tackle, apparel, and furniture.

It is only in relation to these objects, and to such persons, and under such contracts, that the preference is given, and this new summary remedy by attachment under the second section. All other creditors are left to the ordinary remedies. The second section does not give this remedy to the doubly preferred class for " wages." The fourth section gives this remedy by attachment to this class, and confines it to " engineers, pilots, mariners, boatmen, and others." But not to all such persons for debts against the owners, on every or any account, but only for " arrearages of wages " due for employment " in any capacity in or about the service of any such boat or vessel." This " service " of a boat or vessel, clearly means such employment, such " capacity," as raises the relation of master and servant, and brings the employees under the government, direction, and control of the owner in and about the boat; I should think, strictly a hiring of personal service in and about the boat, and whose dues are denominated " wages." Such are officers and crew. If this contract of towage put the owner of the steamer into the employment and " service " of the Col. Butts, and under this relation to its owner, I see no reason why the engineers, pilots, mariners, boatmen, and officers of the steamer were not in like manner put into the same " service " and relation, by actually towing her. And if so, each could attach for his wages earned during the trip. For if this debt is included in the class to which this remedy is extended, it is not because of the contract, but from the character of the services rendered. By towing her, they are " employed in " the " capacity " of " engineers, pilots, mariners, boatmen, and others," " in and about the service of the boat " towed, and as such, have this remedy for their wages; otherwise they have not, neither has their employer, the owner of the steamer, although he might in person have assisted in this voyage.

This is a new and extraordinary remedy, and however beneficial its provisions might be to other classes of creditors, we have no right or power to extend it by construction. Such is its exposition in other States, affording safe precedents for our guidance.

It was denied in Johnson *v.* The Steamboat Sandusky, 5 Wend. R. 510, in an action brought for wood as fuel; and for the reason that the statute gave it only for supplies which enter into the construction of the vessel. See Clark *v.* Smith, 14 Ill. 361. Afterwards the provision was enlarged, and the plaintiff was allowed to recover for wood furnished for consumption. Crooke & Fowke *v.* Slack et al. 20 Wend. R. 177. But it was denied a sub-contractor who furnished materials and performed

labor on a vessel at the request of the builder, because the statute provided it only in favor of those who had contracts with the "master, owner, agent, or consignee." Hubbell *v.* Denison & Buckley, 20 Wend. R. 181. And a similar decision upon the mechanics' lien law in McDermott *v.* Palmer, 11 Barb. S. C. R. 9.

In Indiana the same construction is given, and the lien confined to the contractor, and withheld from laborers under him, who were not provided for in the statute. Southwick *v.* The Packet-boat Clyde, 6 Black. R. 148.

The same construction is adopted in Missouri, Iowa, and Arkansas. 11 Mo. R. 112; 12 Ib. 371; 14 Ib. 532. See also 16 Ib. 266; 1 Greene, R. 398; 5 Eng. R. 411. So strict is the latter, that a lender of money to pay off a lien debt will not be subrogated to the lien. 5 Eng. R. 411. The court in Missouri delivered a doctrine the other way. 12 Mo. R. 371.

Ohio is the only State holding a less strict construction. In Webster *v.* The Brig Andes, they extended the remedy to subcontractors and day-laborers. 18 Ohio R. 187. We think the dissenting opinion of C. J. Hitchcock in that case, more conformable to the rule adopted in the current of authorities on this point.

*Judgment affirmed.*