ANDREW LANGDON *et al.*

*v.*

MINOT J. WILCOX *et al.*

*Filed at Ottawa November 20, 1883.*

1. ATTACHMENT OF WATER CRAFT—*of the pleadings and practice.* In a proceeding under the statute relating to the attachment of water craft, the petition, the answer, and the replication, are all the pleadings contemplated by the act, and all that are proper in such a case.

2. In a suit commenced under the statute, a petition was filed, and there was a seizure of the craft, and a bond given releasing the craft from the attachment. There was an answer to the petition, and a replication. In addition to these pleadings there was a common law declaration in *assumpsit*, a plea of *non assumpsit*, and issue joined on the plea. The plaintiff moved the court to set the case for trial on the common law pleadings, which the court refused to do. The defendant thereupon entered his motion that the common law pleadings be stricken from the files. This motion the court sustained; and in this there was no error, because these common law pleadings were irregular, and foreign to the proceeding.

3. Had the plaintiff, however, desired to abandon altogether the statutory proceeding already commenced, and with such view had asked permission to change the form of action by the substitution of an action of assumpsit, and further, had asked that these common law pleadings might stand as the pleadings in the cause, it is thought the motion should have been allowed.

4. The giving of a bond, under the 15th section of the act, for the release of the vessel from the attachment, in nowise affects the mode of procedure, except that the judgment, if for the plaintiff, instead of ordering the attached vessel to be sold for the satisfaction of the amount found to be due, will be entered against the defendant and his sureties on the bond, with an award of a general execution. The bonding of the vessel does not relieve the plaintiff from the burden of proving his case as made in the petition. So much of the *proviso*, in section 21 of the act, as declares that in case of a release of the attached vessel upon bond, "the subsequent proceedings shall be the same as now provided by law in personal actions in the courts of record in this State," refers to the awarding of a general execution, and the subsequent proceedings thereunder.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. Williamson, Judge, presiding.

Messrs. Storck & Shuman, for the appellants:

The court erred in overruling the motion of appellant to set the case for trial on the common law pleadings. Every state of facts which gives a lien under the statute, constitutes a good cause of action against the owner *in personam*. Where proceedings are commenced under the statute they are *in rem*, but where the owner gives a bond under section 15, the character of the proceeding is changed, and it becomes an action *in personam*, to the same extent as though it had been originally commenced by summons. *People* v. *Cameron*, 2 Gilm. 468; *Williamson* v. *Hogan*, 46 id. 504; *Hill* v. *Harding*, 93 id. 77; *Fitch* v. *Ross*, 4 S. & R. 557; *Albany City Ins. Co.* v. *Whitney*, 70 Pa. St. 248; *Parker* v. *Farr*, 2 Brown, 331; *Myers* v. *Smith*, 29 Ohio St. 120; *Harper* v. *Bell*, 2 Bibb, 221; *Phillips* v. *Hines*, 33 Miss. 163; *Morrison* v. *Alphin*, 23 Ark. 136; *Shirley* v. *Byrnes*, 34 Texas, 625; *Auvray* v. "*The Pawnee*," 19 Mo. 537; *Gaddess* v. *Howell*, 31 N. J. L. 313;

*Demming* v. *Smith,* 2 Wend. 639; *Wakeman* v. *Newton,* 21 id. 260; *Delaney* v. *Brett,* 4 Robt. 712; *"The Odd Fellow"* v. *Stewart,* 2 Ind. 240; *"The Lawrenceburgh"* v. *Smith,* 7 id. 522.

The lien is created by the statute, and not by the levy. *"The Great West No. 2"* v. *Oberndorf,* 57 Ill. 168; *"The E. P. Dorr"* v. *Waldron,* 62 id. 221. And this lien is destroyed by the giving of the bond. *Fife* v. *Clark,* 3 McCord, 347; *Reynolds* v. *Jordan,* 19 Ga. 436; Rev. Stat. chap. 12, sec. 17.

The giving of the bond waives all antecedent irregularities in the proceedings. (*Demming* v. *Smith,* 2 Wend. 304; *Gaddis* v. *Howell,* 31 N. J. L. 331.) And the judgment, after the execution of the bond, must be against the debtor personally. *Lane* v. *Leet,* 2 Ind. 535; *Jones* v. *Gresham,* 6 Blackf. 291; *Scott* v. *McDonald,* 27 Ind. 33; *Auvray* v. *"The Pawnee,"* 19 Mo. 537.

The attachment is only the remedy to enforce the lien. *Germain* v. *Steam Tug,* 11 Ill. 535; *Kinsely* v. *Parker,* 34 id. 481; *"The Clarion"* v. *Moran,* 18 id. 561.

Messrs. SCHUYLER & FOLLANSBEE, for the appellees:

The Attachment act being in derogation of the common law, and creating privileges and benefits not conferred on other creditors, will be strictly construed, and persons seeking its benefit must bring themselves within its provisions. *Huntington* v. *Barton,* 64 Ill. 502.

There was no error in striking from the files the common counts and plea joining issue thereon, because chapter 12, known as the "Water Craft act," contains within itself a complete code of practice. This revision operates as a repeal, by implication, of all former acts on the same subject. *Culver* v. *Third National Bank,* 64 Ill. 534; *Andrews* v. *People,* 75 id. 613; *Devine* v. *Commissioners of Cook County,* 84 id. 590.

Mr. Justice Mulkey delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment of the Superior Court of Cook county, in an attachment proceeding brought by appellants, against appellees, under chapter 12 of the Revised Statutes, known as the "Water Craft act." The amount in controversy being less than $1000, the case comes here on a certificate from the judges of the Appellate Court.

The object of the proceeding was to enforce a lien against two steam dredges belonging to appellees, for $456.20, on account of supplies alleged to have been purchased by appellees for said dredges. Upon the filing of the petition and accompanying bond, as required by the 4th and 5th sections of the act, a warrant or writ directing the attachment of the dredges, and containing a summons clause to the defendants, was issued by the clerk, and duly executed by the sheriff. On the 24th of December, 1881, the defendants filed a bond releasing the dredges from the attachment, as provided by the 15th section of the act. The record discloses considerable confusion in the pleadings and procedure subsequent to the filing of the petition, resulting, as would seem, from a misapprehension of the proper practice in such cases. In addition to the petition, answer and replication, which are all the pleadings contemplated by the statute, and all that were proper in the case, we find a common law declaration in an action of *assumpsit*, containing all the common counts, a plea of *non assumpsit* filed thereto, and issue joined on the plea. While the pleadings were in this condition, and before the hearing of the cause, counsel for plaintiffs moved the court to set the cause down for trial on the common law pleadings, which the court, upon consideration, refused to do, and thereupon entered an order denying the motion, to which the plaintiffs at the time excepted. Upon the over-ruling of the plaintiffs' motion the defendants then moved

the court to strike the common law pleadings from the files, which motion the court allowed, and they were accordingly stricken from the files, and the plaintiffs excepted. The ruling of the court upon these motions presents the main ground relied on for a reversal.

It is manifest these common law pleadings were irregular, and foreign to the proceeding in which they were filed, and it was therefore proper to strike them from the files, so long as they were to be regarded as a part of the files of that case. Had the plaintiffs, however, desired to abandon altogether the statutory proceeding commenced by them, and with such view had asked the court's permission to change the form of action by substituting an action of assumpsit for such statutory proceeding, and had further asked that these common law pleadings might stand as the pleadings in the cause, we are of opinion it would have been the duty of the court to have allowed the motion; but nothing of this kind was asked, or, as we presume, desired. All the plaintiffs asked was, that the attachment might be quashed, and the cause set down for trial on the common law pleadings. So far as the attachment was concerned, that had already practically served its purpose, and the alleged lien on the dredges was discharged by the giving of the bond under the 15th section, as heretofore stated. But that did not relieve the plaintiffs from the burden of proving their case as made by the petition. The allegations required to be made in the petition are jurisdictional in their character, and when put in issue by the answer, as they were in this case, must be proved substantially as laid, otherwise the action will fail. And the fact the defendants may have released the attached vessel from seizure by giving bond under the 15th section, will make no difference in this respect. The bond, when given under this section, is a mere substitute for the attached vessel. After such substitution the suit proceeds in every respect as it would have done had no bond been given until.

the time of entering judgment, when, if the plaintiff is suc-
cessful, instead of entering a judgment against the defendant
alone for the amount found due, and ordering the attached
vessel to be sold to pay the same, as would be done if no
bond had been given, the judgment is to be entered against
him and his sureties on the bond, with an award of a general
execution.  So much of the *proviso* in the 21st section as
declares "the subsequent proceedings shall be the same as
now provided by law in personal actions in the courts of
record in this State," clearly refers to the awarding of a
general execution against the defendant and his sureties,
where the vessel has been bonded out, and the subsequent
proceedings thereunder.  As the plaintiffs did not ask to
change the form of action, as suggested, we regard the mo-
tion to have the case set down for trial on the common law
pleadings as a mere adroit movement on the part of counsel
to escape the difficulties that lay in their way of making out
a case under the statute, and at the same time, if successful,
avail themselves of the benefit of the bond that had been
substituted for the vessel, which should not have been per-
mitted.  However this may be, we are of opinion there was
no error in overruling plaintiffs' motion to have the cause
tried on the common law pleadings, and from what we have
already said, it follows they were properly stricken from the
files on the defendants' motion.

We do not think this case comes within the principle laid
down in *Hill* v. *Harding*, 93 Ill. 77, and like cases.  A pro-
ceeding under the "Water Craft act" differs essentially from
an ordinary attachment, as was the case there.  The latter
is, in most respects, a mere adjunct of a common law suit,
which does not affect, in any material degree, the pleadings
or practice thereon; hence, when the attachment is released
or quashed, the common law suit remains wholly unaffected
by the former attachment.  Of course, we are now speaking
of cases where there has been an appearance to the merits,

or personal service. A proceeding under the "Water Craft act," however, is essentially, in many of its features, like a proceeding *in rem* in admiralty, though differing from the latter sufficiently, it is believed, to avoid any conflict with the constitution of the United States, which gives to the Federal courts exclusive jurisdiction in admiralty. There being no complaint in this case of an improper exclusion of testimony, and the Appellate Court having found the jurisdictional facts adversely to the appellants, it follows there can be no recovery in this form of action. It is therefore unnecessary to notice the other questions discussed in the briefs. We will say, however, in general terms, we find no error in the record requiring a reversal.

The judgment will be affirmed.

*Judgment affirmed.*