AARON CARIKER, Plaintiff in Error, *v.* WILLIAM L. ANDERSON, Defendant in Error.

### ERROR TO MONTGOMERY.

A conditional judgment and a *scire facias* are requisite, as proper preliminaries to a judgment against a garnishee. The *scire facias* is to make known to the garnishee that a conditional judgment has been rendered against him, assuming him to be a debtor of the debtors in attachment, and that he must show cause why final judgment should not go against him.

A sufficient notice to a debtor under a foreign attachment should be shown of record.

It may not be error for a term of court to intervene between a default taken and a *scire facias* issued against a garnishee.

The date given in the indorsement of a service of process, should be taken as the time of service. A sheriff is not required to date his return. [Several decisions in reference to service of process, considered and examined.]

A garnishee is not properly a defendant in an attachment suit, to defend against the plaintiff's claim; the judgment should be entered against a garnishee in favor of the defendant in the attachment suit, for the benefit of the creditor or others in attachment, and if there is more due than will pay the attaching creditor, the creditor of the garnishee can control it.

THE action in this case was by attachment, in favor of Wm. L. Anderson against Robert J. Hayes. The original writ was served on Cariker as garnishee, and the following is a copy of the return by the sheriff: "Served on the within named Aaron Cariker, by reading the within, May 6, 1857." Signed by the sheriff.

Judgment by default was rendered against Hayes at March term, 1858, of the Circuit Court of Montgomery county; assessment by jury, and judgment for $265.25. At the same time, the default of Cariker was entered. On the 16th of December, 1858, what is called in the record a writ of "*scire facias*" was issued, and returned by the sheriff, served as follows: "I have executed the within writ by reading the same to the within named Aaron Cariker, Dec. 24, 1858."

At the March term, 1859, final judgment was rendered against Cariker for the amount of the original judgment, and also for costs.

The errors assigned are as follows:

There was no conditional judgment against the garnishee, as required by section 16 of the Attachment Act. Instead thereof, there was an order for a *scire facias*.

A term of the court intervened between the first default against the garnishee, and the issuing of the writ called in the record a "*scire facias*." The default was entered and order for a *scire facias* was made at the March term, 1858;

*scire facias* issued Dec. 16, 1858. The September term intervened.

There was no publication of notice as required by the 14th section of said act.

The officer does not show in his return of the writ of attachment that he was unable to find property of the defendant sufficient to satisfy the debt, which fact is required to exist before he is authorized to summon any one as garnishee.

No writ of *scire facias* was ever issued against the garnishee.

The returns of the sheriff on the original writ, and on the so-called "*scire facias*," are wholly insufficient to justify the entry of the default against the garnishee. They do not show whether the dates refer to the times of service or the returns of the writs.

STUART, EDWARDS & BROWN, for Plaintiff in Error.

R. McWILLIAMS, for Defendant in Error.

BREESE, J. Proceedings by attachment are in derogation of the common law, deriving all their validity from statutes, and must, in all essential particulars, conform to their requirements. It is objected here, that there was no conditional judgment against the garnishee—that a term of court intervened between the first default against the garnishee and issuing the writ of *scire facias*—that there was no sufficient publication of notice of the pendency of the suit—that the officer does not show, in his return of the writ of attachment, that he was unable to find property of the defendant sufficient to satisfy the debt—that no writ of *scire facias* was issued against the garnishee, and, last, that the returns of the sheriff on the original writ, and on the so-called "*scire facias*," are insufficient to justify the entry of the default against the garnishee.

Other points are made, arising out of the statute, which we will notice in the order presented by the assignment of errors. But this will be attended with some difficulty, on account of the great irregularity in the proceedings from the commencement until the final judgment.

It will be observed, this is a foreign attachment, and the writ which issued on filing the affidavit and bond, pursues the form prescribed in the second section of the statute, chapter 9, the mandatory part of which is in these words: "We therefore command you, that you attach so much of the estate, real or personal, of the said Robert J. Hayes, to be found in

your county, as shall be of value sufficient to satisfy the said debt and costs according to the complaint; and such estate so attached, in your hands to secure, or so to provide that the same may be liable to further proceedings thereupon, according to law, at a court to be holden, etc., so as to compel the said Robert J. Hayes to appear and answer the complaint of the said William L. Anderson. And that you also summon Aaron Cariker as garnishee, to be and appear at the said court, etc., then and there to answer to what may be objected against him, when and where you shall make known to the said court how you have executed this writ," etc. The affidavit was filed on the 28th of April, 1857, and the writ issued on the same day, and on the 6th of May, 1857, it was returned as follows: "Served on the within named Aaron Cariker, by reading the within, May 6, 1857."

Now, by section thirteen of this chapter, it is provided, "when any attachment shall be issued out of the Circuit Court, and levied or served on a garnishee, and the sheriff returns the same, the clerk is required to give notice for four weeks successively in some newspaper published in this State, most convenient to the place where the court is held, of such attachment, and at whose suit, against whose estate, for what sum, and before what court it is pending, and that unless the defendant shall appear on the return day of the writ, judgment will be entered and the estate attached will be sold. *Provided*, that in case of foreign attachment, if sixty days shall not intervene between the first insertion of such notice and the first term of the court, then the cause shall be continued until the next term of the court. Any defendant in attachment may appear and plead, without giving bail or entering into bond." (Scates' Comp. 230.)

The twelfth section of this chapter makes it the duty of the sheriff, when he shall be unable to find property sufficient to satisfy any attachment issued, etc., to summon all persons within his county, whom the creditor shall designate, as h v-ing any property, effects or choses in action in their possession or power, belonging to the defendant, or who are indebted to the defendant, to appear before the court to which the writ is returnable, on the return day of the attachment, and there answer on oath, what amount they are indebted to the defendant in the attachment, or what property, effects or choses in action they had in their possession or power at the time of serving the attachment. The person or persons so summoned, shall be considered as garnishees, and the sheriff in his return shall state the names of all persons so summoned and the date of service on each.

The fourteenth section also provides for notice by publication by the clerk, differing but little from the provisions of the thirteenth section. Under that section, the clerk should have had a notice published immediately, and judgment could have been had at the following September term, as the plaintiff had filed his declaration at the May term. On motion of the plaintiff, the cause was continued to the next September term, at which term, on plaintiff's motion, the cause was continued for notice—an act wholly unnecessary, if the clerk had performed his duty. The next term, was the March term, 1858, at which term, the defendant Hayes was called and made default, and a jury of inquest called, who assessed the plaintiff's damages to two hundred and sixty-five and twenty-five one-hundredths dollars; and at the same term the garnishee, the plaintiff here, was called and made default, whereupon it was considered by the court, "that a *sci. fa.* issue against said defendant, garnishee as aforesaid." At the next term, being the September term, 1858, this order appears in the record: "Now on this day comes the said plaintiff, etc., and the said garnishee being three times solemnly called, came not, and because said garnishee doth not appear, nor any one for him, it is considered by the court, that said plaintiff recover of the said garnishee, the sum of two hundred and sixty-five and twenty-five one-hundredths dollars, the amount of the original judgment against the defendant Hayes, together with his costs, etc., and may have execution hereof."

When default was taken against Hayes, the record does not show that he had been notified of the pendency of the suit. There is a notice pasted on the record, with the publisher's certificate, which the clerk certifies was filed in his office on the 15th March, 1858, but it does not seem ever to have been produced in court, or brought to the notice of the court. The entry of the judgment against Hayes was at the March term, 1858, but it nowhere recites, that proof of notice of the pendency of the suit was made. He was called, and made default, and the jury assessed the damages.

Section sixteen provides, where any garnishee shall be summoned by the sheriff or other officer in manner aforesaid, and shall fail to appear and discover on oath or affirmation as by this chapter is directed, it shall be lawful for the court, after solemnly calling the garnishee, and such court is authorized and required to enter a conditional judgment against such garnishee, and thereupon a *scire facias* shall issue against such garnishee, returnable to the next term of the court, " to show cause, if any he have, why final judgment should not be

24

entered against him, upon such *scire facias* being duly executed and returned."

We look in vain to the record for this conditional judgment, and for the writ of *scire facias*. No such judgment was rendered, nor was any *scire facias* issued, the plaintiff contenting himself with an order for a *scire facias*. This error is well assigned.

As to the second error, it will be observed, that the interlocutory judgment was taken against the absent debtor, and the default entered against the garnishee, at the March term, 1858, and a *scire facias* ordered. At the September term following, the cause, on plaintiff's motion, was continued to the next March term. Intervening these terms, and on the 16th of December, 1858, a writ issued, which the clerk chooses to denominate a *scire facias*, which recites the recovery of the judgment against the absent debtor, and the amount, "and that Aaron Cariker having been duly served as garnishee, as appears to us of record ; these are therefore to command you to summons the said Aaron Cariker, to be and appear before the Circuit Court, to answer to said garnishee, and not depart the court without leave," etc. Now, this is simply absurd. How could the person summoned as garnishee, answer the garnishee ? The statute informed the clerk that the office of a *scire facias* is to make known to the garnishee that a conditional judgment had been rendered against him, assumed to be a debtor of the foreign debtor, and that he must appear and show cause why final judgment shall not be entered against him, for such an amount as might be shown he owed this absent debtor. Instead of this, the garnishee was required to appear and answer himself.

We are not prepared to say, that it was error to permit the September term to pass without having had a proper writ of *scire facias* issued, and made returnable to that term. A strict construction of the statute would perhaps require it, but it is sufficient now to say, there was no conditional judgment at any time against the garnishee, and no *scire facias* to show cause. Nor were any interrogatories filed. (Scates' Comp. 231, 232, Secs. 16, 18.)

The third error questions the sufficiency of the notice. We have already said, no notice was proved or exhibited on the default of the defendant being taken. The printed one pasted on the record, is not sufficient, for it appears on its face not to have been published four weeks successively, as the statute requires. The certificate of the printer states, that the first publication was on the 17th of October, 1857, and the last on

the 4th of November following. Simple computation shows there was not a publication of four weeks.

We do not feel free to say that the fourth error is well assigned, looking to the proceedings in this case. The original writ of attachment issued under the second section, pursued the form there given, and the garnishee was made a party to the writ. This being so, it was unnecessary as to him, or for any purpose we can see, in which he may be interested, that the sheriff should have returned *nulla bona*, of the absent debtor. We do not now decide the point.

The remaining errors have already been considered and disposed of, and in concluding our view of the record as made up, we must say, that it is made up in a most unskillful manner—the plainest requirements of the statute disregarded, and for the whole proceeding from its inception, quite informal and incongruous.

As to the error last assigned, that the return of service by the sheriff was insufficient, we have to say, that we have taken occasion to review the various decisions made upon this point, and have come to the conclusion that the return in this case is in compliance with the statute, and in all respects sufficient. There is really no defect or uncertainty in it. By our practice act it is made the duty of the sheriff or coroner to serve all process of summons or capias, when it shall be practicable, ten days before the return day thereof, and to make return of such process to the clerk who issued the same, by, or on the return day, with an indorsement of his service, the time of serving it, and the amount of his fees. (Scates' Comp. 241, Chap. 83, Sec. 3.) The date in the indorsement of service, must be taken to be the time of the service, and nothing else. The sheriff is not required to date his return. The clerk makes that entry, or should do so.

The first case in which this question came up, was the case of *Simms* v. *Klein*, Breese, 371, new edition. The return was in this form : " J. R. Simms summoned by reading," signed by the sheriff, and dated, and was held sufficient. The next case was *Wilson* v. *Greathouse*, 1 Scam. 174, where this return, " Executed on the within defendant by reading the within," and signed by the constable, was held void, for the reason that the date of service is not shown, and parol proof was not allowed to show the true time of service.

The next case was *Clemson and Hunter* v. *Hamm*, id. 176, where this return was adjudged void for the same reason : " Executed on Hunter—Clemson not found." N. Buckmaster, sheriff, M. C."

In the case of *Ogle* v. *Coffey*, id. 239, this return was ad-

judged as coming within the rule in *Wilson* v. *Greathouse* and *Hunter* v. *Hamm*, and insufficient: "Executed Oct. 18, 1832, as commanded within." The court say, whether the date specified is intended for the date of the day of service, or is the day on which the summons is returned, is wholly uncertain. The court omitted a reference to the practice act, which we have quoted. The date should have been intended as of the day of service. But the manner of executing the writ was not stated, and therefore vitiated the return. It is not stated it was by reading.

In the case of *Belingall* v. *Gear*, 3 Scam. 575, this return was held insufficient: "Executed this 20th day of April, 1839, by reading. Moses Hallett, sheriff."

The court say the time and manner of service is shown, but omits to state on whom.

In conformity with the decision in *Ogle* v. *Coffey*, this court, in *Bancroft* v. *Speer*, 24 Ill. 227, held this return insufficient: "Served the within by reading the same to and in the hearing of S. B. Bancroft, June 21, 1858." The decision is placed principally on the ground that the date is indefinite—that it does not show whether the date refers to the time of the service or of the return. The practice act, section 3, makes all this clear. The date must be intended as the day of service, for that is all the date the officer is required to indorse upon the process. The service was not bad for this reason. In the case before us, the return on the original writ is in these words: "Served on the within named Aaron Cariker, by reading the within, May 6, 1857, and signed by the sheriff; and on the *scire facias* as follows: "I have executed the within writ by reading the same to the within named Aaron Cariker, Dec. 24, 1858," and signed by the sheriff. These returns are good in form and substance, and the date shall be intended as the day of service. This is according to the third section of the practice act.

We must be permitted again to direct the manner in which proceedings should be carried on against a garnishee. A garnishee is in no proper sense, a defendant in the suit of the plaintiff, and cannot be called upon to defend against his claim. There is no privity between them. The object and design of the garnishee process is to subject the debt he may owe the absent or absconding debtor, or his property in the hands of the garnishee, to the payment of the plaintiff's debt. The garnishee, then, is the defendant to the suit, the law institutes in favor of his creditor, the absent debtor, and he is the plaintiff in that suit. In *Stahl et al.* v. *Webster et al.*, 11 Ill. 518, this court prescribed the mode of proceeding in such cases. We

say, the practice has been to enter the judgment against the garnishee, in favor of the attaching creditor, and yet, there is a manifest impropriety in entering a judgment, as in this case, in favor of the attaching creditor, for a greater amount than he has recovered against the defendant in the attachment. How such a result is to be sometimes avoided, if the judgment against a garnishee is to be in favor of the creditor whose attachment has been served upon him, we do not well see. The proper practice would, therefore, seem to be, to enter the judgment against the garnishee in favor of the defendant in the attachment, for the benefit of such attaching and judgment creditors as are entitled to share in its proceeds. They would then have the right to control the judgment, and the money, when collected from the garnishee, would be liable to be distributed among the several creditors, according to the directions received from the clerk. There is a peculiar fitness in entering the judgment in favor of the party with whom the debt was contracted and to whom it is due; and if the judgment exceeds what is due the attaching and judgment creditors, the balance will be for his benefit. To the same effect is the case of *Gillilan* v. *Nixon et al.*, 26 Ill. 50; *Rankin* v. *Simonds, ante*, 352. This court hopes this mode will be strictly pursued by the Circuit Courts. For the reasons we have given, the judgment is reversed.

*Judgment reversed.*