## Caroline Werner

### v.

## Emil F. Werner.

*Divorce—Notice by Publication—Failure to Mail Copy—Fraud.*

1. A decree of divorce obtained in Indiana, reciting notice and affidavit of publication and setting forth that the defendant was so notified of the bringing of the suit, precludes any presumption of the further notice required by law.

2. A divorce is invalid, where a statutory requirement for mailing a marked copy of notice to the defendant is uncomplied with.

3. The courts of this State may disregard a fraudulent decree of divorce obtained in another State, and give the party aggrieved whatever redress it is in the power of the party guilty of the fraud to render.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Mr. Arnold Tripp, for appellant.

The Supreme Court of Indiana, in the case of Powell v. Powell, 53 Ind. 516, say:

" It will be observed from the language of this section that the *bona fide* residence of the petitioner in the State for two years, and in the county for six months immediately preceding the filing of such petition, is a jurisdictional fact, which ought to be averred in the petition for divorce, and which must be duly proven by the petitioner, to the satisfaction of

the court, by at least two witnesses, who are resident free-holders and householders of the State, before such court will have any power or authority to decree a divorce."

It will be observed in the orders of the Indiana court that not a single jurisdictional fact is found to exist, and in the absence of such finding the presumption is, no such facts were considered by the court; indeed, in divorce cases that generally go by default, all the notice and the jurisdictional facts required by the statute must be strictly followed, otherwise the court has no jurisdiction; such must be the policy of the court, otherwise great outrages could be perpetrated on inno-cent defendants, a striking illustration of which is found in the case now under consideration; for here an innocent woman is branded as a common prostitute without any opportunity to defend herself, because she had not her day in court.   See also Maxwell v. Maxwell, 53 Ind. 363.

In Stone v. Wood, 85 Ill. 603, the Supreme Court lay down the only humane doctrine that ought to obtain for the protection of society, and of the marriage relation; it says: " When either husband or wife becomes untrue to each other, and by fraud obtains an unjust advantage over the other, a court of equity will as readily afford relief as between other persons."

In Henrickson v. Van Winkle, 27 Ill. 334, the doctrine is laid down, and the court says there is no question about the power of courts of chancery to grant relief against judgments obtained by fraud.

If there is no question on that proposition, how much more ought courts of equity to grant relief when by fraud that is taken away which money can not buy!

The power of a court of equity to afford relief where a party has been deprived of asserting his rights or making his defense through some mistake, accident or fraud, not of his own procurement, is too firmly established to be questioned. Owen v. Ranstead, 22 Ill. 161; Nelson v. Rockwell, 14 Ill. 375.

Equity will impeach a decree for fraud in not giving notice. Van Pelt v. Hutchinson, 114 Ill. 455.

Werner v. Werner.

Messrs. WM. VOCKE and HARVEY STORCK, for appellee.

GARY, J.   The appellant filed her bill against the appellee, alleging that they were married to each other in 1868, and lived together as husband and wife in Philadelphia until October, 1882, when he deserted her.   That she came to Chicago in March, 1887, and found him living with another woman; that he had obtained while living here a divorce from appellant, granted by a court in Indiana, in December, 1884, of which or of the proceedings therefor she had no notice until he produced the decree in his defense when prosecuted for bigamy.   She prayed that the divorce might be set aside, maintenance awarded her, and for general relief.

This case might furnish a text for an essay as lengthy and as instructive as the opinion in Hahn v. Kelly, 34 Cal. 391, where there is a most exhaustive discussion of, and collection of authorities upon, the question of the conclusiveness of judgments when collaterally attacked.   But the case may easily be disposed of upon a brief opinion.

*First.*   It is clear, if not beyond a possible, beyond a reasonable doubt, that the appellee was never a resident of Indiana, but resided here from January, 1883, hitherto.   His petition for a divorce in Indiana was an imposition upon the court, and an abuse of the law of the State, as well as a fraud upon appellant.   Upon that ground alone it is void, in my opinion, but the other judges of this court do not deem it necessary to decide that point in this case.   2 Bishop M. & D., Sec. 144, where numerous cases are cited; Shannon v. Shannon, 4 Allen, 134.   See the indignant opinion of Peckman, J., in Hoffman v. Hoffman, 46 N. Y. 30.

*Second.*   Without reference to extrinsic matter, the decree is void on the face of the record.   The statute of Indiana requires, in the case of notice of suit by publication, in addition to other matters not necessary to state here, that the plaintiff shall file an affidavit stating the residence of the defendant, if known.   In colorable compliance with the statute the appellee averred in his sworn petition that the appellant " was, at the last time he heard or knew of her, living in the

city of Philadelphia, Pennsylvania, but that her exact place of residence is unknown to this plaintiff." The statute then made it the duty of the clerk of the court to forward to appellant, by mail, the paper containing the notice, with the notice marked. There was no attempt to comply with this provision. The final decree recites the notice and affidavit of publication—"and it appearing to the satisfaction of the court from such proof of publication that the said defendant herein, Caroline Werner, has been duly notified," etc., and proceeds to enter a default and dispose of the case.

This special reference in the decree to the mode by which the appellant was notified, precludes any presumption that any other or further notice was given. Hahn v. Kelly, 34 Cal. 391–407; Settlemier v. Sullivan, 97 U. S. 444; Haywood v. Collins, 60 Ill. 328; Clark v. Thompson, 47 Ill. 25. The mailing of the notice is essential to the jurisdiction of the court. Thormeyer v. Sisson, 83 Ill. 188.

True, this last case was on a writ of error from the judgment, and not a collateral attack. But the only difference that makes is, that in the former, the jurisdictional fact must affirmatively appear to exist or the judgment is erroneous, while in the latter, the non-existence of the fact must affirmatively appear, to avoid the judgment.

The decree of divorce is void, and the appellant is not to be prejudiced by it. The courts of this State have no jurisdiction to set it aside, but they may disregard it, and give to appellant whatever redress her case calls for, that is in the power of appellee to render.

The decree appealed from is reversed, and the cause remanded for further proceedings, in accordance with this opinion.

*Reversed and remanded.*