Baldwin v. Ferguson.

## GEORGE F. BALDWIN ET AL.

### v.

## J. Q. FERGUSON ET AL., FOR USE, ETC.

*Attachment—Garnishment—Affidavit—Bond—Judgment—Action.*

1. The requirements of the statute concerning attachments, that notice to a defendant upon whom personal service can not be had, shall be published in a newspaper, and a copy thereof mailed to him, are jurisdictional, and the record must affirmatively show jurisdiction where it is based upon publication, or it is void collaterally. Mailing in such cases is as indispensable as the publication.

2. An affidavit setting forth that a defendant's residence two years before the making thereof, was at a place from which he had departed, is no evidence that his residence is there at the time the affidavit is made.

3. A judgment is void as to a person made a party defendant to attachment proceedings subsequent to the institution thereof, an amended affidavit, but no bond, being filed.

4. The fact of the release by a defendant of all errors that intervened touching a void judgment against him, can not operate to bind a garnishee whose liability, being statutory, is not dependent upon the favor of defendant.

5. Credits due to several persons jointly can not be recovered in proceedings against a part of them only.

6. However numerous may be the defendants in an action, the steps by which jurisdiction over them respectively is obtained, are several as to each.

[Opinion filed October 23, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. DUPEE, JUDAH & WILLARD, for appellants.

Mr. D. M. KIRTON, for appellees.

GARY, J.    This is a suit commenced by Carr against Ferguson et al., in attachment, and the appellants were summoned as garnishees.    The court, trying the case without a jury, found that the appellants were indebted to the appellees, and rendered a judgment accordingly for the use of Carr.

As the judgment is to be reversed upon other grounds, it is not now necessary to inquire whether the evidence supports the finding.    The original affidavit was filed October 11, 1886, and alleged that Neeld, one of the appellees, resided at Chicago, in the county of Cook, and had departed from the State.

October 2, 1888, under leave to make Goodbody, one of the appellees, a defendant in the suit, which before he had not been, an amended affidavit for attachment was filed which repeated the allegation that Neeld had departed from this State, and also alleged that "his place of residence at the date of the issuing of the original writ was Chicago, Ills."

No new bond was then filed.    The writ of attachment which was then (October 2, 1888,) issued, was therefore issued upon an affidavit which stated where the residence of Neeld was two years earlier, and without any bond as to Goodbody.    We all agree that the court had no jurisdiction to enter, as it did, judgment by default against Neeld.

It is necessary under the statute, Sec. 22, Attachments, that notice to a defendant upon whom personal service can not be had, shall not only be published in a newspaper, but a copy of the notice must be mailed to him.    Both of these prerequisites are jurisdictional.    Thormeyer v. Sisson, 83 Ill. 188. And the record must affirmatively show jurisdiction, where it

is based upon publication, or it is void collaterally.   Haywood
v. Collins, 60 Ill. 328.   When the statute adds mailing to
publication, one is as indispensable as the other.   Werner v.
Werner, 30 Ill. App. 159.

The record proper is silent as to whether a notice was
mailed to Neeld or not, but on the trial of the issue between
the appellees and appellants there was evidence of such mail-
ing to him at Chicago.   Now the probability that a defend-
ant will receive a notice mailed to him at his place of residence
is much greater than that he will see a notice published in a
newspaper at another place, and an allegation in an affidavit
that his residence two years earlier was at a place from which
he had departed, is no evidence that his residence is there at
the time the affidavit is made.

The principle on which Campbell v. McCahan, 41 Ill. 45,
and Foster v. Illinski, 3 Ill. App. 345, were decided, makes
such an uncertainty fatal.

The majority of the court are also of the opinion that the
judgment as to Goodbody was void, because as to him there
was no bond.   " Every attachment issued without a bond and
affidavit taken, is hereby declared illegal and void, and shall
be dismissed."   Sec. 5, Attachments.

However numerous may be the defendants in an action, the
steps by which jurisdiction over them respectively is obtained
are several as to each.   The subjection of each to the action
of the court depends upon what has been done as to him, and
not upon the standing which others may have.   If the pro-
ceedings which touch him would have been void had he been
sole defendant, they are not validated as to him by their
effectiveness as to others.   The provision in Sec. 28 of the
act for amendment in case of " insufficiency " of the bond,
does not extend to a case of no bond at all.   After judg-
ment in the original action by Carr against the appellees,
by leave of the court a new bond was filed by Carr, in which
Goodbody was one of the obligees; but if the view above
stated is correct, such action was of no avail.

At the second term after the judgment was entered against
the appellants, Neeld appeared in the Superior Court, and

released all errors that might have intervened in entering the
judgment against him six months before.

What might be the effect of this between him and Carr it
is not necessary to consider. But the liability of the appel-
lants, if any there be, as garnishees, is statutory, and not
dependent upon the favor of Neeld toward either of the
parties.

If the judgment against Neeld was void, no act of his could
make it binding. "A confirmation of a void thing avails noth-
ing." See authorities cited in Wurster v. Reitzinger, 5 Ill.
App. 112.

The want of jurisdiction over Neeld and Goodbody, the
appellants had a right to insist upon. Pierce v. Carleton, 12
Ill. 358; Empire Co. v. Macey, 115 Ill. 390.

Such want of jurisdiction over them made the judgment
of Carr against all the appellees, in effect, a judgment only
against the appellees other than Neeld and Goodbody. Cred-
its due to several jointly can not be taken on proceedings
against only a part of them. Drake Att., Sec. 567 *et seq.;*
Waples Att. 205.

The garnishee would not be protected, even by payment
under such proceedings, against a subsequent suit by all the
joint creditors. Hawes v. Waltham, 18 Pick. 451.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*