Dennison v. Blumenthal.

---

## Sarah G. Dennison
### v.
## D. Blumenthal et al.

*Practice—Alias Attachment—Publication—Practice—Garnishment.*

1. An *alias* attachment writ is unauthorized, and no waiver can make it good.

2. One copy of notice by publication in an action against two persons, mailed to both of them, is void as to both, and a recital in the judgment of "due publication of notice," does not aid in such a case.

3. While a garnishee may not attack the proceedings between the plaintiff and defendant in a suit in attachment, where he is summoned as garnishee for mere error, yet if the jurisdiction over the defendant fails, the objection may be made by the garnishee for his own protection against subsequent claim on him by the defendant.

[Opinion filed December 11, 1890.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellees.

GARY, J.   Under the above title on the docket of this court, and upon one record, two cases in fact are here pending.

The suit is by attachment by the appellees against A. T. Dennison and F. W. Dennison.   George H. Taylor and James T. Mix are garnishees, and appellants in the other case.   The appellant named in the title is an interpleader.   As the judgment against the garnishees is to be reversed, no further notice need be taken of the interpleader, for their discharge is all that can be done in her favor.   Walton v. Detroit, etc., Rolling Mills, 37 Ill. App. 264.

While a garnishee may not attack the proceedings between the plaintiff and defendant in the suit in attachment where he is summoned as a garnishee for mere error, yet if the jurisdiction over the defendant fails, the objection may be made by the garnishee for his own protection against subsequent claim on him by the defendant.   Baldwin v. Ferguson, 35 Ill. App. 393.

Now here the affidavit, bond, writ of attachment and publication of notice, were all against A. T. Dennison and F. W. Dennison, with no allusion to any partnership or other relation between them.   If they might have been, in fact they were not, sued in a partnership name under Section 3 of the Attachment Act.

That the declaration filed a week after the suit was commenced, described as a cause of action a promissory note signed A. T. & F. W. Dennison, is of no significance.   It is not by the declaration, but by publication and mailing that notice is given.

The defendants did not appear in the suit.   No fault is found with the publication, but the mailing is certified by the clerk thus:  " I sent by mail a notice, a copy of which is hereto attached, marked Exhibit A, to the following defendants, and addressed as follows:   One copy to A. T. & F. W. Dennison, Detroit, Wayne Co., Michigan."

Dennison v. Blumenthal.

It is not for us to say that it is possible that one or the other of the defendants got the notice, and that, as the evidence in the case showed that they were partners, notice to one was notice to both, and so it does not matter that the statute was not followed.

Substantial compliance with the statute is jurisdictional, and the uncertainty which defendant, "if either, might receive a copy so mailed to both, makes it *prima facie* void as to both." Likens v. McCormick, 39 Wis. 313.

The recital in the judgment of " due publication of notice to the defendants," does not aid; publication and mailing are distinguished from each other by the language of the statute, as well as by common speech. The authorities that such a defect is fatal to the jurisdiction are cited in Baldwin v. Ferguson.

Mix, one of the garnishees, was brought in by an *alias* writ of attachment issued more than sixteen months after the original, and more than a year after judgment by default against the defendants. The statute makes no provision for an *alias;* the language of the condition of the bond does not cover damages caused by its wrongful issue; notice of it, in any mode recognized by law, can not be given to the defendant.

" Proceedings by attachment are in derogation of the common law, deriving all their validity from statutes, and must, in all essential particulars, conform to their requirements." Cariker v. Anderson, 27 Ill. 358.

This question might have been, but was not, raised in Baldwin v. Ferguson, 35 Ill. App. 393, and, so far as we are advised, is of first impression, but on principle an *alias* attachment writ is unauthorized. It may easily be imagined that a defendant, having notice of the original writ and what had been done under it, and knowing that any judgment obtained in the suit without personal service on or appearance by him would be of no avail, except as to the effects attached, might choose, for a variety of reasons, to pay no attention to the case; and yet if an *alias*, of which he could have no notice, might be issued, great injury to him might result, with no means of

redress.    Our own conclusion, therefore, is that the *alias* was void, and no waiver would make it good.

All other questions on this record than those discussed are left unconsidered.

The judgments against the appellants must be reversed and the case remanded, but what further proceedings can be taken this opinion does not intimate.    No views of counsel on that question have been presented.

*Reversed and remanded.*