## PACK, WOODS & CO.

*v.*

## THE AMERICAN TRUST AND SAVINGS BANK.

*Opinion filed April 21, 1898.*

1. APPEARANCE—*attachment defendant may appear specially to question jurisdiction over garnishee.* A defendant in a suit in assumpsit, with attachment in aid, upon whom no personal service has been had, may appear specially and question the jurisdiction of the court over his estate in the hands of the party served as garnishee; and such appearance is not a denial of jurisdiction of the subject matter, so as to authorize the entry of a personal judgment against such defendant.

2. ATTACHMENT—*a second attachment in aid, issued after return of first unexecuted, is an alias writ.* A second writ of attachment in aid, issued in the same suit after the return of the first, unexecuted, at the order of the plaintiff's attorney, is an *alias* writ although it is issued on a second affidavit and bond, and although it does not contain the words, "as we have formerly commanded you," usually characteristic of *alias* writs.

3. SAME—*statute does not authorize alias writ of attachment in aid.* There is nothing in the statute which authorizes the issue of an *alias* writ of attachment in aid in the same suit after the return of the first writ unexecuted.

4. SAME—*court cannot enter judgment against garnishee served with alias writ of attachment.* The court has no jurisdiction to render judgment against a garnishee brought into court by the service of an *alias* writ of attachment in aid, issued in the same suit after the return of the first writ unexecuted, there being no statutory authority for such *alias* writ.

*Am. Trust, etc. Bank v. Pack, Woods & Co.* 70 Ill. App. 177, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

FARSON & GREENFIELD, (JOHN C. RICHBERG, of counsel,) for plaintiff in error.

HAWLEY & PROUTY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit in assumpsit, with attachment in aid, begun in the Superior Court of Cook county by Thomas Parker, Jr., as receiver of the Mutual Fire Insurance Company of Chicago, against Pack, Woods & Co., a foreign corporation. The summons and writ of attachment in aid were both issued July 23, 1895, and returnable to the next August term. The attachment writ contained the names of certain persons, other than the defendant in error, to be summoned as garnishees, but was returned by the sheriff without service, by order of plaintiff's attorney. The summons was returned "not found." On October 1, 1895, plaintiff filed a second affidavit and bond for a writ of attachment in aid of the same suit, which was issued, being in all respects like the first writ, except that it named as garnishee the American Trust and Savings Bank. This, the second writ, was returned by the sheriff as served on the garnishee the same day. On October 18, 1895, plaintiff filed his interrogatories to the garnishee and his declaration in assumpsit. On December 14, 1895, an *alias* summons was issued, and on the same day the clerk filed his certificate of the mailing of the notices to the defendant of the attachment and pendency of suit. This *alias* summons was afterwards returned "not found." A *pluries* summons was issued January 11, 1896, and also returned "not found." On November 6, 1895, the bank entered its special appearance and motion in writing to quash the second writ of attachment, on the ground that it was, in effect, an *alias* writ of attachment,—a writ not authorized by statute,—and therefore void; that it conferred no jurisdiction on the court over the garnishees. On December 27, 1895, the defendant corporation, Pack, Woods & Co., also entered its special appearance and motion to quash the second writ of attachment on the same grounds urged by the garnishee, and on the further ground that the court had not acquired jurisdiction of the estate of defendant sought to be garnished and

172—13

attached. The court overruled both motions to quash. Afterwards plaintiff moved the court to rule the defendant to plead, alleging that its special appearance operated as a general appearance and that it was in court for all purposes, and that plaintiff was entitled to a general judgment. This motion the court also overruled. Judgment in the attachment was given by default against defendant, and afterwards, on November 5, 1896, on *scire facias*, against the garnishee, for $277. From this judgment the garnishee appealed to the Appellate Court, where the judgment was reversed without remanding the case. The Appellate Court having granted a certificate of importance, the plaintiff below has prosecuted this writ of error.

It is in the first case contended by the plaintiff below, the receiver, that it was error not to render a general judgment on his motion, against Pack, Woods & Co., on its appearance in the Superior Court. The contention is, that there can be no limited or special appearance for any other purpose except to question the jurisdiction of the court over the person of the defendant, and that as no attempt had been made to claim jurisdiction over the corporation itself, Pack, Woods & Co., the defendant below, by means of the attachment writ, it had no ground for a special appearance, and such attempted special appearance was therefore a general appearance. In this proceeding the receiver attempted to get jurisdiction over the estate of Pack, Woods & Co. by means of the second attachment writ, and while it was the duty of the bank, as garnishee, to protect itself, and see to it that such a judgment only was taken against the principal, Pack, Woods & Co., as would support a judgment against the garnishee, (see *Pierce* v. *Carleton*, 12 Ill. 358,) still the principal had the right to enter a limited or special appearance to question the jurisdiction of the court over its estate, as the estate was the only thing to which jurisdiction could attach without personal service.

Questioning the jurisdiction over the *res* is not denying jurisdiction of the subject matter, which is conferred by statute, but jurisdiction over the *res* could not be obtained without the service of a valid writ in the manner provided by the statute. The Pack, Woods & Co. corporation was interested in the suit, and had a right to take advantage of any defects in the process by which it was sought to bring it or its estate into court, and to limit its appearance accordingly. Its appearance was confined to this special purpose, and did not confer jurisdiction on the court to enter a personal judgment. The ruling of the Superior Court on this point was therefore correct. *Johnson* v. *Buell*, 26 Ill. 66; 2 Ency. of Pl. & Pr. 610.

The chief question presented by this record is, can a second attachment in aid be issued in the same suit after a return of the first writ unexecuted? There seems to be a dearth of authorities on this question, the only ones to which we have been referred being *Dennison* v. *Blumenthal*, 37 Ill. App. 385, *Hamill* v. *Phenicie*, 9 Iowa, 525, *Elliott* v. *Stevens*, 10 id. 418, and *Branshaw* v. *Tinsley*, 4 Tex. Civ. App. 131. The foreign cases are under statutes differing from ours, and we are disposed not to regard them as applicable here. In the case of *Dennison* v. *Blumenthal*, *supra*, the Appellate Court for the First District held that an *alias* writ of attachment was not authorized by the statute, and that proceedings by attachment, being in derogation of the common law and deriving all their validity from the statute, must conform, in all essential particulars, to the requirements of the statute. (*Cariker* v. *Anderson*, 27 Ill. 358.) In the *Dennison case*, Mix, one of the garnishees, was brought in by an *alias* writ of attachment issued more than sixteen months after the original, and more than a year after judgment by default against the defendants, no additional affidavit or bond having been given, and the court held that no notice of it, in any mode recognized by law, could be given to the defendants. In the case at bar the suit was begun by the

issuing of a summons, then a writ of attachment in aid was regularly sued out and returned unexecuted, as was also the summons. There was nothing more done until two months later, when a new affidavit and bond were filed and a new writ of attachment issued and served on defendant in error. Was this an *alias* writ? Plaintiff in error contends that it was not, as it was not issued on the first affidavit and bond, but on a new affidavit and bond.

An *alias* writ is a second writ issued where one of the same kind has been issued before in the same cause, when the former writ has not produced its effect. Counsel for plaintiff in error probably filed the second affidavit and bond in view of the language used in the *Dennison case,* that the original bond does not cover damages caused by the wrongful issue of an *alias* writ. The second writ here in controversy does not contain the words "as we have formerly commanded you," (*sicut alias præcepimus,*) from which the *alias* writ derives its name; but because of such omission was it any the less an *alias* writ? It was a second writ issued in the same cause, the first writ having failed to produce its effect, and the additional affidavit and bond, in the absence of statutory authority for a second attachment in aid, can no more be held to change it from an *alias* writ to an original writ than a *præcipe* for a second summons in the same cause can be held to call for an original summons and not for an *alias* summons. This was a suit against Pack, Woods & Co., and no jurisdiction could be obtained over the corporation or its property unless by personal service or by attachment or garnishment of some of its property. No jurisdiction was obtained by the first writ, and the second was an *alias* writ for the purpose of securing what the first writ had failed to accomplish. We find nothing in the statute authorizing the issuing of an *alias* writ of attachment. As said by the Appellate Court, attachments are in derogation of the common law, being creatures of statute only, and it is the rule that such statutes, except when otherwise

provided, must be strictly construed. The Attachment act provides that it shall be construed in all courts in the most liberal manner, for the detection of fraud. But no question of that character arises here. The statute provides that an attachment in aid of a pending suit may be sued out on certain conditions, and that such proceedings shall be had thereupon as are required or permitted in original attachments, as near as may be. (Sec. 31.) The first section provides that a creditor may have "an attachment" in certain specified cases. No provision is made anywhere for more than one writ, except in section 13, which provides that "an attachment writ" may be issued to any other county in the State where the debtor may have property liable to be attached.

It is contended because section 33 provides that "upon the return of attachments issued in aid of actions pending," etc., it is thereby implied, by the use of the word "attachments," that more than one writ of attachment may be issued; but the plural "attachments" was evidently used to correspond with the plural "actions pending," immediately following, and the whole section gives no countenance to the position contended for.

As the statute nowhere provides for more than one writ of attachment to the same county in the same suit, we think the issuing of the *alias* writ was unauthorized, and no jurisdiction was obtained by the court by the service of the same on the garnishee. The motions to quash the writ should have been sustained. It was error to overrule them, and the Appellate Court decided correctly in so holding.

As the view we have taken disposes of the case, it will not be necessary to consider other errors assigned.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*