## American Hydraulic Dredging Co. and The N. W. Nat. Bk. v. The O. S. Richardson Fueling Co.

1. WRITS—*Issued Without Jurisdiction, Proceedings Void.*—Where a court issues a writ without jurisdiction to do so, all proceedings under it are void.

2. ATTACHMENTS—*Statutes Authorizing, to be Strictly Construed.*— Attachments are in derogation of the common law, being creatures of the statute only, and such statutes, except where otherwise provided, are to be strictly construed.

3. SAME—*Alias Attachments Under the Water-craft Act.*—There is no provision in the statute relating to the attachment of boats, vessels, etc. (Hurd's R. S., 1895, Chap 12), for the issuance of an *alias* attachment and all proceedings under such a writ are absolutely void.

Attachment, under the water-craft act. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1900. Reversed. Opinion filed July 16, 1900.

Statement by the Court.—Defendant in error, the said fueling company, on March 25, 1897, filed its petition under the statute of this State relating to the attachment of boats, vessels, etc., in the Circuit Court of Cook County, and caused an attachment writ under that statute to be issued against the American Hydraulic Dredging Co., claiming a lien pursuant to the provisions of the statute against "the Hydraulic Steam Dredge No. 1," owned by said dredging company, for coal furnished to said dredge to enable it to engage in business from June 3, 1895, until July 27, 1896, at different times and dates as set forth in a schedule

annexed to and made a part of its petition, amounting in all to $4,520.75. The writ was returned to the term of court to which it was made returnable, to wit, on April 19, 1897, the return stating in effect that as said dredge No. 1 was in the custody of the United States Marshal on process of the District Court of the United States for the Northern District of Illinois, the sheriff was unable to execute the writ, and the dredging company not being found in the county, the writ was returned unexecuted.

Thereafter, on May 11, 1897, an *alias* writ of attachment, was, upon a special order of the court, issued returnable May 17, 1897, which is in substance the same as the original writ except that the command to the officer is, " We therefore again command you," etc. This writ was levied by the sheriff on May 11, 1897, upon all the right, title and interest of the defendant in and to the said dredge, her tackle, scows, etc., and was on the same day served upon the dredging company. Publication notice in attachment, as required by the statute, and mailing of notice thereof, was made in due course, and the plaintiff in error, the Northwestern National Bank, was, pursuant to the statute, and in compliance with its terms, made a defendant in the cause, with leave to appear specially or generally therein, in behalf of its interests in said cause. The bank filed its answer to the petition of the fueling company, setting up a claim of lien upon said dredge by virtue of a chattel mortgage dated June 15, 1896, securing an indebtedness to the bank of $18,600, and alleging that July 16, 1896, for condition of said mortgage broken, it took possession of the dredge toward the satisfaction of said indebtedness, remained in such possession when the petition of the fueling company was filed and when the sheriff seized said dredge under the *alias* attachment writ issued in the cause, and that said indebtedness to the bank still remains wholly unpaid. The answer also, among other things, denies that the fueling company has any lien upon the dredge which can be enforced as against or to the prejudice of the rights of the bank. The answer also charges that the *alias* writ of attachment was unauthorized and

378    APPELLATE COURTS OF ILLINOIS.

VOL. 90.] Am. Hydraulic Dredging Co. v. Richardson Fueling Co.

void in law, as was also the seizure of the dredge thereunder by the sheriff, and that the Circuit Court therefore had no jurisdiction in the cause, by virtue of said *alias* writ, to enforce against the dredge any lien or claim under the petition of the fueling company.

Prior to the filing of the answer by the bank it moved the court to quash said *alias* writ of attachment and the return thereon, and to vacate the attachment, levy and proceedings under said writ for various reasons set forth in the motion, the substance of which is that said *alias* writ was issued illegally and improvidently, and is void and invalid in the law, and that said *alias* writ is insufficient to give the court any jurisdiction under said petition to enforce any lien against the property on which it was levied. This motion was overruled, to which ruling of the court the bank preserved an exception.

A replication to the answer of the bank was filed, the dredging company made default and the cause was tried by the court without a jury upon an agreed statement of facts, and stipulation therein, and upon documentary and oral proofs offered, which trial resulted in a finding by the court of a lien in favor of the fueling company for coal supplied to said dredge, in accordance with the allegations of the petition, amounting, with interest, to the total sum of $4,709.45, and a decree that said dredge, its tackle, etc., should be sold by the sheriff for the payment of such lien. The dredging company and the bank seek by this writ of error the reversal of said decree, and of all proceedings of the Circuit Court under said *alias* attachment writ. The proof shows that the bank has a valid lien on the dredge by its mortgage, but that it is subject to the lien of the fueling company if the court had jurisdiction to enforce the latter lien under said *alias* writ, and it is not barred by the limitation clause of nine months, as provided by section 3 of said statute.

CHARLES M. STURGES, attorney for plaintiff in error.

JOHN C. RICHBERG, attorney for defendant in error.

Mr. Justice Windes delivered the opinion of the court.

The first question presented by this record and the only one which we deem it necessary to consider, is whether the Circuit Court had any jurisdiction to issue such *alias* attachment writ. If there was no jurisdiction to issue such *alias* writ, it follows that all the proceedings thereunder are void.

It is conceded by the learned counsel of both sides that the question is new in this State, and we are therefore left in its determination without direct authority to guide us, the only cases cited by counsel being such as construe general attachment acts, the various water-craft acts in force in this State prior to the present act of July 1, 1874, and the latter act upon the question not here involved, and cases in the United States Admiralty Courts, which show the general admiralty practice.

For plaintiffs in error it is contended in substance that the water-craft attachment act of this State of July 1, 1874, is a special attachment act both in form and in substance; that the remedy provided thereby is a summary and extraordinary one; that the act should be strictly construed, and that the courts have no right or power to extend by construction its provisions beyond the letter of the statute.

For defendant in error it is claimed that the water-craft act, while a statutory proceeding, is in the nature of an admiralty and equity proceeding, which differs essentially from an ordinary attachment; that there is a marked distinction between the water-craft attachment act, which is a proceeding to enforce a lien given by the statute similar to a mechanic's lien, is a right of property, and not a mere matter of procedure, and that the writ provided by the act is issued in aid of the enforcement of such lien, while under the general attachment act the writ of attachment is issued for the purpose of creating a lien; that the water-craft attachment writ must be levied upon specific property described in it, while the general attachment writ may be levied upon any property of the defendant; that the water-craft act contains within itself a complete code of practice which is

380    APPELLATE COURTS OF ILLINOIS.

VOL. 90.] Am. Hydraulic Dredging Co. v. Richardson Fueling Co.

analogous to the admiralty practice in the United States courts, and that the practice thereunder should be in substance the same as the admiralty practice obtaining in the national courts.

A reference to the water-craft act (Chap. 12, Hurd's Rev. Stat., 1895), shows, Sec. 1, that every sail vessel, steam dredge, etc., having its home port in this State shall be subject to a lien thereon for, among other things, supplies furnished for its use; Sec. 3 limits the enforcement of the lien to five years, with a provision that it shall not be enforced to the prejudice of any other creditor, etc., unless the proceeding is instituted within nine months after the indebtedness becomes due; Sec. 4 provides for the filing of a petition in behalf of the lien claimant and the nature of the petition, which shall be verified by affidavit; Sec. 5 provides for a bond by the lien claimant in double the amount of his claim, with security, not unlike in its terms and conditions to the bond provided by the general attachment act; Sec. 6 provides that upon the filing of the petition and bond " the clerk shall issue an attachment against the owner of such water-craft, directed to the sheriff of this county, commanding him to attach such water-craft, which writ shall be tested and returnable as other writs of attachment;" Sec. 7 provides for the form of the writ and commands the officer to attach the vessel, naming it, then to summon the owners of such vessel, naming them, to appear at the next term of the court, and to return the writ with the manner of its execution; Sec. 8 provides that the officer shall forthwith execute the writ and the manner of its execution; Sec. 9 provides that when " such writ shall be issued and served, no other attachment shall issue against the said water-craft unless the first attachment is discharged or the vessel is bonded;" subsequent sections provide for notice by publication, "as in other cases of attachment," for the intervening of other creditors and proceedings by such intervenors, the bonding of the vessel by the owner or other persons interested, for the appraisement of the value of the vessel seized, and the depositing with the clerk of the court

the amount of the appraisement in money and order for restitution to the owner, on giving such bond or making such deposit, and for the giving of additional security in case the security should become insufficient; Sec. 19 provides for exception, demurrer or answer to the petition and proceedings of default in case of failure to except, demurrer or answer; Sec. 20 is as follows:

" Amendments may be allowed as in other cases and upon like terms and conditions, and the court may take all proceedings and make all orders necessary to fully dispose of the rights of all persons interested in the property attached, and for that purpose may add new parties whenever necessary, who may be summoned or notified, as in case of original defendants."

The remaining sections of the act provide for the proceedings in the trial, the nature of the judgment to be entered and proceedings thereunder, including the distribution of the proceeds of the sale of the attached property, and providing for an appeal or writ of error from the final judgment of the court. There is no provision whatever in the act for the issuance of any writ of attachment except that provided for by section 6.

In the case of Am. T. & S. Bk. v. Pack et al., 70 Ill. App. 177, this court held, following the case of Dennison v. Blumenthal, 37 Ill. App. 385, in construing the attachment act in the case of an attachment in aid, that inasmuch as the attachment act makes no provision for an *alias* writ, an *alias* writ of attachment in aid was void, saying, among other things, " that proceedings by attachment are in derogation of the common law, and can only exist and be carried out by virtue of some statutory provision." This case was affirmed by the Supreme Court (172 Ill. 192-6), in which the court say, speaking of the *alias* writ:

" It was a second writ issued in the same cause, the first writ having failed to produce its effect, and the additional affidavit and bond, in the absence of statutory authority for a second attachment in aid, can no more be held to change it from an *alias* writ to an original writ than a præcipe for a second summons in the same case can be held to call for an original summons, and not for an *alias* sum-

mons. * * * No jurisdiction was obtained by the first writ, and the second was an *alias* writ for the purpose of securing what the first writ had failed to accomplish. We find nothing in the statute authorizing the issuing of an *alias* writ of attachment. As said by the Appellate Court, attachments are in derogation of the common law, being creatures of statute only, and it is the rule that such statutes, except when otherwise provided, must be strictly construed."

In the Dennison case, *supra*, the same rule was applied by this court, in speaking of an *alias* attachment writ issued in a suit of original attachment, and it was there said, quoting from the case of Cariker v. Anderson, 27 Ill. 358, that " proceedings by attachment are in derogation of the common law, deriving all their validity from statutes, and must in all essential particulars conform to their requirements."

To a like effect in principle are the following cases : Lawrence v. Yeatman, 2 Scam. 15; Haywood v. Collins, 60 Ill. 333; Merriman v. Canal Boat Butts, 15 Ill. 585; Tug Boat Dorr v. Waldron, 62 Ill. 221.

The two latter cases are cases under the water-craft acts of this State of 1845 and 1857, respectively—in the former of which the court speaks of the remedy as new and extraordinary, and that the provisions of the act are not to be extended by construction, and in the latter case, while the court says that the lien was not created by the levy of the attachment upon the boat, but that the levy was to enforce a lien created by law and existing independent of a levy, it also says that the proceedings " are of the same character as in an ordinary attachment under the statute." In Gindele v. Corrigan, 129 Ill. 582, which was a proceeding under the present water-craft act, the holding in the Dorr case is referred to with approval, although it is said, quoting from the case of Langdon v. Wilcox, 107 Ill. 606, hereinafter referred to, that " a proceeding under the water-craft act is essentially in many of its features like a proceeding *in rem* in admiralty, though differing from the latter, it is believed," so as to avoid a conflict of jurisdiction with the Federal courts.

From an examination of the different provisions of the

present water-craft act, hereinabove referred to, especially section 6, which requires that the writ of attachment issue upon the filing of the petition and bond as provided by the previous sections, and that the writ " shall be tested and returnable as other writs of attachments," and section 8, which provides that the writ shall be served forthwith, and section 10, which provides for notice by publication, as in other cases of attachment, they should be construed as giving a special and extraordinary statutory remedy for the enforcement of a lien, it is true, which is created by the statute, and that the proceedings to enforce this lien should be strictly in accordance with the letter of the statute; in other words, that the statute should be strictly construed, and that the courts have no right or power to extend the scope of the statute by construction in any proceedings under it.   If we are right in this view, it follows that inasmuch as the original attachment writ in this case was not served because the dredge was in the custody of the United States Marshal until after the expiration of the original writ and its return into court, no jurisdiction to proceed under that writ was obtained, nor is that claimed; and because there is no provision in the statute for the issuance of an *alias* attachment writ, the court had no power to order it issued, and consequently such a writ is absolutely void, as are also all proceedings under it.

It is true, as contended by the learned counsel for defendant in error, that the proceedings under the water-craft act differ essentially from that of an ordinary attachment; that the lien thereunder is created by the act, provided the necessary facts exist, and not by virtue of the levy of the writ, and that the proceeding is in the nature of an equity or admiralty proceeding (see Langdon v. Wilcox, 107 Ill. 607, and Dorr v. Waldron, *supra*); but it does not, however, follow that because of this the courts may go beyond the letter of the statute or its clear intendment, and issue an *alias* writ, not provided for, take proceedings under it, and thus enforce a lien in a way not pointed out by the statute. The lien given and the method of its enforcement are purely and wholly statutory, without any existence, except by

virtue of the statute, and can be enforced only in the way pointed out by the statute. The authorities cited indicating the practice in admiralty proceedings are therefore inapplicable, there being no provision of the act whatever, which justifies a course of procedure in analogy to the admiralty practice, which does not prescribe the particular practice to be followed.

The claim of counsel for defendant in error that the *alias* attachment writ was justified by the provisions of section 20, is not, in our opinion, tenable. The power given by that section to the court, besides that of amendment, making new parties and providing for service on them, is to "take all proceedings and make all orders necessary to fully dispose of the rights of all persons interested in the property attached." This clearly contemplates that the court, before it should take the proceedings or make the orders referred to, should first have the property within its control; that is, that the property should have been already attached. That could be done only by the method pointed out by the statute, which provides for only one writ of attachment. This writ was never levied upon the dredge, but was *functus officio* before the court made the order directing the issuance of the *alias* writ.

The decree of the Circuit Court is therefore reversed and the *alias* attachment writ quashed and all proceedings thereunder vacated and set aside.