## THE KEELEY BREWING COMPANY

*v.*

## FRANCIS H. CARR.

*Opinion filed October 25, 1902.*

1. ATTACHMENT—*alias writ of special execution cannot be issued in attachment.* An *alias* writ of special execution cannot legally issue in an attachment suit where the court does not have jurisdiction of the person of defendant and judgment is rendered by default.

2. SAME—*effect of return of special execution not satisfied.* A special execution is process upon which a sale of property is had which has already been levied upon by writ of attachment, and if the defendant has not been personally served or his appearance entered, but judgment has been rendered by default, a return of such process unsatisfied is, in effect, a release of the property and an abandonment of the attachment suit.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is an action of assumpsit, commenced by attachment by the appellant, against the appellee, in the circuit court of Cook county, on the ground that appellee was a non-resident of the State of Illinois. The attachment writ was returned not found as to the appellee, but was levied upon the equitable interest of the appellee in certain real estate situated in the city of Chicago. Service was had by publication, and on May 28, 1898, judgment by default was rendered against appellee for $8875. On May 17, 1899, a writ of special execution was issued to the sheriff of Cook county, which was returned by him on the 15th day of August, 1899, "no part satisfied." On the 9th day of April, 1900, an *alias* writ of special execution was issued to the sheriff of said county, and on May 26, 1900, the appellee entered a special appearance and moved the court to quash said writ. The court overruled the motion and an appeal was perfected to the Appellate Court, where (94 Ill. App. 225,) the judgment was reversed and the cause remanded. On the case being re-instated in the circuit court the *alias* writ of special execution was quashed, and the action of the circuit court in that regard having been affirmed by the Appellate Court, an appeal has been prosecuted to this court.

DANIEL J. McELHERNE, for appellant.

NEWMAN, NORTHRUP & LEVINSON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The only question involved in this appeal is, can an *alias* writ of special execution legally issue in an attachment suit where the court does not have jurisdiction of

the person of the defendant and judgment is rendered by default? We are of the opinion it cannot. Attachment proceedings are in derogation of the common law and derive all their validity from the statute, and must conform in all essential particulars to the requirements of the statute. (*Cariker* v. *Anderson*, 27 Ill. 358.) Section 35 of the Attachment act, which is the only authority for issuing a writ of special execution, does not provide for the issuing of an *alias* writ of special execution in case the first writ fails to perform its office, as a proceeding by attachment is statutory, and there is no statute in force in this State authorizing an *alias* writ of special execution to issue. Such writ cannot legally be issued. *Pack, Woods & Co.* v. *American Trust and Savings Bank*, 172 Ill. 192.

It is, however, said, that section 26 of the Attachment act, which is as follows: "The practice and pleadings in attachment suits, except as otherwise provided in this act, shall conform, as near as may be, to the practice and pleadings in other suits at law," authorizes the issuance of such writ. In the *Pack, Woods & Co.* case it was urged that this section of the statute authorized an *alias* attachment writ, but it was held otherwise,—and that case is in principle like this case. No reason is perceived why it should be held that section 26 authorizes an *alias* writ of special execution to issue when it does not authorize an *alias* attachment writ to issue. The writ of attachment performs a double office. It is a summons and an execution, upon which the property of the defendant is seized before judgment. The Practice act expressly provides for an *alias* summons or *capias* but does not provide for a special execution, and a special execution is unknown to the common law. The argument, therefore, that section 26 authorizes the issuance of an *alias* attachment writ is more persuasive than that it authorizes an *alias* writ of special execution to issue. A special execution is process upon which a sale of prop-

erty is had which has already been levied upon by writ of attachment and is in the custody of the law. In case the defendant is not personally served, has not entered his appearance and judgment has been rendered against him by default, a return of such process not satisfied in effect is a release of the property seized under the attachment writ and an abandonment of the attachment suit.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*