Vairin *et al. v.* Edmonson.

JUSTUS VAIRIN *et al.,* plaintiffs in error, *v.* FRANCIS H. ED-
MONSON, defendant in error.

*Error to Sangamon.*

The proper rule for the computation of time, under the section of the Attach-
ment Act, requiring that sixty days should intervene between the first publi-
cation of notice and the term of Court, is to exclude the day on which the
notice was first inserted in the newspaper, and include the day on which
the term commenced.

The published notice of the pendency of a suit, accompanied by the publisher's
certificate forms a part of the record of the case, and takes the place of an offi-
cer's return of service.

To sustain a judgment by default, the record should affirmatively show that the
defendant was *regularly served with process,* or in the case of an attachment,
that he was duly notified of the proceeding.

FOREIGN ATTACHMENT, in the Sangamon Circuit Court,
brought by the defendant in error against the plaintiffs in
error, and S. M. Tinsley and others as garnishees.

The principal defendants were not personally served with
process, but a notice of the pendency of the suit was pub-
lished in a newspaper, the first insertion of which was on
the 27th day of May, A. D. 1842. The first day of the re-
turn term of Court was the 25th day of July ensuing,
and on that day judgment was rendered against the prin-
cipal defendants. A judgment was rendered against the
garnishees at a subsequent day of the same term.

*S. T. Logan,* for the defendant in error.

By the law then in force, (See Revised Laws, 1833, page
78, proviso to § 11,) in cases of foreign attachment, "if
sixty days shall not intervene between the first insertion of
such notice, and the first term of the Court, then the cause
shall be continued until the next term of the Court.

Did sixty days intervene between the first insertion of the
notice and the next term of the Court?

The mode of computing time in this case is by including
one day and excluding the other, either the day of insertion,

or the day on which the term was held. *Bigelow* v. *Wilson*, 1 Pick. 485; *Jackson* v. *Van Valkenburgh*, 8 Cowen, 260; *Homan* v. *Liswell*, 6 do. 659; *Ogden* v. *Redman*, 3 A. K. Marsh. 234. See, also, 5 Johns. 232; 10 Wend. 422; 2 A. K. Marsh. 264; 4 Scam. 421.

The first insertion was on the 27th of May, and from that to the 25th of July inclusive, only fifty nine days intervene. Therefore, it was error to enter judgment at the first term. At the second term, a successful defence would have been made.

*J. C. Conkling*, for the defendant in error.

The plaintiffs in error cannot, under the present state of the record, take advantage of a want of proper publication, because the published notice is no part of the record, and can only be made so by a bill of exceptions. Besides, there is no statement in the record that it contains all the evidence. *Sims* v. *Hugsby*, Bre. Ap. 27; *Smith* v. *Lusk*, 3 Scam. 411; *Voorhees* v. *The Bank, &c.* 10 Peters, 449; *Parker* v. *Miller*, 9 Ohio, 108.

*Logan*, in reply.

The statute makes it the duty of the clerk, on the return of an attachment, to prepare a notice of the pendency of the suit, for publication, and to cause the same to be published in order to bring the party into Court. It, therefore, necessarily becomes a part of the record.

The Opinion of the Court was delivered by

TREAT, C. J. This was a foreign attachment sued out in March, 1842. The statute then in force provided that the defendant should be notified of the pendency of the attachment by the publication of a notice in a newspaper for four weeks successively; and in case sixty days should not intervene between the first insertion of the notice and the first term of the Court, the cause should be continued. Rev. Laws, 1833, 87, § 11. The only question presented by the record is whether the requisite notice was given. The

notice was first published on the 27th of May, and the succeeding term of the Court commenced on the 25th day of July. The proper rule for the computation of time in such case is to exclude the day on which the notice was first inserted, and include the day on which the term commenced. *Ewing* v. *Bailey*, 4 Scam. 420. By this rule, but fifty nine days intervened. The Court, therefore, should have continued the cause instead of proceeding to enter a judgment by default. It is insisted for the defendant in error that the notice and the accompanying certificate of the publisher form no part of the record of the case. We think otherwise. The statute makes the certificate of the publisher with a copy of the notice annexed, sufficient evidence of the fact of publication. Rev. Laws, 1833, 62. The notice stands in the place of process, and performs the same office. It is issued by the clerk, and the certificate of the publisher may be likened to the return of an officer. The defendant is not before the Court until the notice has been regularly given, and the time allowed him to appear has expired. The Court has no more authority to enter judgment against him till this has transpired, than it has to render a judgment against a defendant in an ordinary action who was not served with process ten days prior to the commencement of the term. The record should show that the notice was given and for the length of time required by the statute. To sustain a judgment by default, the record ought affirmatively to show that the defendant was regularly served with process, or in the case of an attachment, that he was duly notified of the pendency of the proceeding. The cases of *Voorhees* v. *The Bank*, 10 Peters, 449, and *Parker* v. *Miller*, 9 Ohio, 108, are not in point. There, the question of the regularity of the proceedings arose collaterally, and not directly, as in this case.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*