## Eliza A. Page v. Permelia Dillon.

1. ATTACHMENTS—*May be Tried Out of its Order.*—Under Section 18, Chapter 110, R. S., entitled "Practice," it is descretionary with the court to advance the trial of an attachment issue, and for good and sufficient cause direct it to be tried out of its order on the docket.

2. SAME—*Trial of the Different Issues.*—Section 27, Chapter 11,R. S., entitled "Attachment," warrants the trial of an attachment issue before the hearing upon the case to which it is an adjunct. It is not compulsory to submit both issues at the same time to one jury, and the parties

may consent to separate trials, or the court in its discretion may so order.

3. SAME—*Amendment of Affidavit—New Causes—New Bond.* — When the affidavit for an attachment is insufficient it may be amended; but when the plaintiff moves to file an additional affidavit setting up other grounds for attachment, such motion should be accompanied with an offer to file a new bond conditioned for the prosecuting with effect, etc., the additional causes set forth.

**Attachment Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

## STATEMENT OF THE CASE.

This was an action on the case for deceit; a writ of attachment in aid was issued, both summons and writ being returnable to the December, 1894, term of the Superior Court. The writ was levied on certain real estate. The tenant of this real estate, being summoned as garnishee, answered that he owed $200 rent for the months of December, January, February and March, and that on April 1st, there would be due $50 more.

The declaration sets up at length a long and complicated set of facts showing that plaintiff rented to defendant certain premises for a hotel, and that desiring to escape her liability under said lease, defendant produced a man of straw, falsely and knowingly represented him to be a person of great wealth and substantiality, and succeeded in thus getting the lease canceled, and a new lease made to her "dummy" (Skinner), who almost immediately after the successful culmination of this conspiracy disappeared, whereby the plaintiff lost $800 rent.

Defendant duly traversed the attachment affidavit and demurred to the declaration. The demurrer was argued and overruled, and defendant filed the plea of the general issue.

The defendant at the January, 1895, term, upon her affidavit moved the court to set the attachment issue down for trial at an early date, in which she "deposes and says that she is one of the defendants; is unmarried; residence, 1466

Michigan Avenue, Chicago; that she is the owner in fee simple of the premises known as 3411 Vernon avenue, Chicago, which is the only real estate owned by her, and is worth more than $10,000, and is incumbered for $1,000, occupied by George W. Stone as tenant at $50 a month; that she has no other property except household furniture worth less than $1,000, incumbered by chattel mortgage; that her entire income now is barely sufficient to pay her living expenses and the incumbrances on her property, and that without the $50 rent, which she has heretofore received from said Stone, it will be impossible for her to meet her indebtedness and expenses; that Stone's lease does not expire until April 30, 1895; that she is in bad health and has a large family to provide for; that the said real estate has been attached and that said Stone has been garnisheed and refuses to pay her rent; that she has made diligent efforts to secure a bond for the purpose of having the attachment and garnishment released, but has been and now is wholly unable to do so; that she has a good and valid defense to the whole of the action, upon its merits; that the claim of the plaintiff is for the sum of about $760 for alleged damages for securing the fraudulent cancellation of the lease by this affiant, as will be more fully shown by the declaration filed herein, and that the allegations in said declaration are false, and without any foundation whatsoever, as she believes she can show on the trial of this cause; wherefore she prays to set down the attachment issue for trial at an early date, so that she may be permitted to show that it was unjustly sued out, and that the cloud may be removed from her property, and that she may be able to collect rent from Stone, which she needs for the purposes aforesaid, and that the allegations in the affidavit for attachment charging this affiant with intention to defraud creditors are wholly false."

After argument, the court granted defendant's motion and set the attachment issue only, for hearing at 10 A. M., January 29, 1895, to which the plaintiff excepted.

On January 22, 1895, the plaintiff expressly reserving her

objections and exceptions to said action of the court in summarily setting said case for trial on the attachment issue only, moved the court to permit the issue on the declaration and plea to be heard at the time when the case came on for trial of the attachment issue. This was supported by an affidavit showing that the same witnesses who were relied upon to prove the allegations of the affidavit for attachment, were also necessary and material witnesses on the issue presented by the declaration and plea, and that the whole case could be tried in substantially the same time as the attachment issue only. To which defendant filed a counter-affidavit setting forth that one Wm. Skinner, of Denver, Colo., whose exact address she does not know, but is endeavoring to find, is a necessary witness for her; that it will be necessary to take his deposition, and that the suit would not be reached in the ordinary course within two or three years. This motion of plaintiff the court denied and the plaintiff again excepted.

The plaintiff next moved the court for leave to file an amended attachment affidavit, which motion was supported by the affidavit of her counsel, stating that by a more recent examination of the records he had discovered that a portion of the personal property and real estate which plaintiff and affiant believed at the time of making the original affidavit for attachment in aid, defendant was about to convey, had actually at that time been so fraudulently conveyed, and that one of said fraudulent conveyances was a chattel mortgage, which was improperly indexed in the recorder's office, so that the plaintiff could not discover said conveyance, although she searched for it ·before the original attachment affidavit was filed. Plaintiff, with said motion and affidavit, submitted to the court for its inspection the amended attachment affidavit, which she asked leave to file, which, in addition to the allegations of the original affidavit, that the defendant "was about fraudulently to convey," etc., also alleged that the said defendant had fraudulently conveyed, etc.

This motion was taken under advisement, and on February

25, 1895, the court denied the motion and refused to permit the amended attachment affidavit to be filed, and the plaintiff for the third time presented her bill of exceptions to the ruling of the court, which was duly signed and sealed.

Pursuant to the order of the court in setting down for trial the attachment issue only, said case was called on March 29th, and counsel for plaintiff renewed his objections to the action of the court in taking up said case for trial out of its order on the attachment issue only, and objected to proceeding unless both issues were tried together; the court overruling said objections, plaintiff again excepted and objected, and excepted to the impaneling and swearing of the jury, and declined to offer any evidence; thereupon the defendant was sworn and testified that she was not, on or about the 17th of November, about to conceal, assign or otherwise dispose of her property or effects so as to hinder or delay her creditors. Counsel for plaintiff declined to cross-examine and the jury returned the following verdict: " We, the jury, find the issues in the attachment for the defendant."

The plaintiff moved for a new trial, which was argued and overruled, and the attachment quashed and garnishee discharged, to which plaintiff again excepted. An appeal was forthwith prayed by and allowed to the plaintiff, and there filed and approved.

DOOLITTLE, TOLMAN & POLLASKY, counsel for appellant, contended that if the court had the right to advance the case, it should have set the whole case down for trial, and not a part of it only.

There is no warrant of law for splitting up an attachment suit into two suits.

Section 27 of the Attachment Act provides that the attachment suit " shall proceed to final judgment as though commenced by summons." Section 31, on attachments in aid, provides that " such proceedings shall thereupon be had as are required or permitted in original attachments as near as may be." There is, therefore, no statutory warrant for a severance of the attachment issue from the issue on the

merits, and section 31 puts attachment in aid suits on a par with attachment suits.

It has been decided that the attachment in aid is a mere adjunct of the original suit, and not a distinct proceeding. Moore v. Hamilton, 2 Gil. 429; Rutledge v. Stribling, 26 Ill. App. 354; Schulenberg v. Farwell, 84 Ill. 400; Firebaugh v. Hall, 63 Ill. 81.

R. W. Leeming and A. W. Fulton, attorneys for appellee, contended that the discretion given a court to try a case out of its order is a legal discretion not subject to review upon appeal except for abuse.

What is "good and sufficient cause" for trying a case out of its order on the docket must be determined by the court in the exercise of a sound legal discretion. Its discretion in that regard is a matter that can not be reviewed unless where there has been a flagrant abuse that works injustice. Smith v. Third National Bank, 79 Ill. 120; Clark v. Marfield, 77 Ill. 260; Anthony v. International Bank, 93 Ill. 230; Crosby v. Kiest, 36 Ill. App. 427; Remain v. Ater, 88 Ill. 301.

The attachment affidavit can be amended for insufficiency only. No new ground of attachment should be added by amendment after service of writ and traverse filed. Section 28, Chapter 11, R. S., Ill.; Section 26, Chapter 11, R. S., Ill.; Section 24, Chapter 110, R. S., Ill.

In the cases reported in Illinois the only amendments appearing to have been allowed were in cases where the affidavit was informal or insufficient; as, for instance, where the seal or some formal requirement is omitted. Lee v. Vail, 2 Scam. 474; Campbell v. Whetstone, 3 Scam. 361; Norton v. Dow, 5 Gilm. 461; Roberts v. Dunn, 71 Ill. 48; Kruse v. Wilson, 79 Ill. 237; Smith v. Clinton B. Co., 13 Ill. App. 577.

In other States, where the statutes governing the amendment of attachment affidavit is substantially like that of ours, it is held that amendments are allowed only to cure a defect or insufficiency and not to set up a new ground of attachment after filing bond and the writ has been levied, as was sought to be done in this case. Brookmire v. Rosa

(Neb.), 51 N. W. 841; Jaffray v. Wolfe (Neb.), 33 Pac. 950; Sec. 144, Gen. Stat. Neb., 546; Dalsheimer v. McDaniel, 12 So. Rep. 338 (69 Miss. 339); Secs. 132, 134 (2464, 2419), Ann. Code, Miss.; Robinson v. Burton, 5 Kan. 181.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is first urged that the court below erred in advancing the trial of the attachment issue.

The statute, Sec. 18 of Chap. 110, R. S., provides that "in all suits by *capias* where the defendant shall have been arrested, and in replevin and attachment, the plaintiff may be required to file his declaration at the first term, and the defendant may have a trial at such term, unless sufficient cause for a continuance is shown."

The statute does not make it compulsory upon the defendant in such cases to have a trial at the first term, unless sufficient cause for a continuance is shown, but it does give him the right to such trial, if he demand it.

In addition to this, the statute, Sec. 17 of Chap. 110, R. S., gives the court the right for good and sufficient cause to direct that a case be tried out of its order.

The affidavit of the defendant was sufficient to justify the court in acting as it did upon the discretion confided to it by the statute.

Sec. 27 of Chap. 11. R. S., distinctly warrants the trial of the attachment issue before the hearing upon the case to which it is an adjunct.

It may be the case that, ordinarily, it is better that each issue be submitted at the same time to one jury. Hawkins v. Albright, 70 Ill. 87 (90); Moeller v. Quarrier, 14 Id. 280; Boggs v. Bindskoff, 23 Id. 65. But such course is not compulsory.

The parties may consent to separate trials of the variant issues, or the court may, in its discretion, so order.

We do not think that there was, in the action of the Superior Court, in this regard, an abuse of discretion, such as would justify us in setting aside the judgment rendered.

Appellant insists that she should have been permitted to

amend the affidavit for the attachment. What appellant really asked was that she be permitted to file an additional affidavit, assigning grounds not contained in the original. No objection had been or could well be made to the sufficiency of the affidavit she filed at the beginning of her action; it was in nowise insufficient, had it been, her right to file a sufficient one would have been clear. Sec. 28 of Chap. 11, R. S.

We think that if plaintiff desired to file an additional affidavit setting forth additional grounds for an attachment, she should have offered to file therewith a new bond, conditioned for the prosecuting with effect, etc., the additional cause set forth. It is manifest that the bond she had given, months before, would not cover the new reasons assigned for, and the new issue in attachment tendered by the new affidavit. Baldwin v. Ferguson, 35 Ill. App. 393; Dennison v. Blumenthal, 37 Ill. App. 385.

We find no error in this record warranting a reversal of the judgment rendered upon the attachment issue, and it is affirmed.