## Charles H. McMurray v. Pullman's Palace Car Co.

1. NEGLIGENCE—*Loss of Money by a Passenger.*—The mere proof of loss of money by a passenger, while occupying a berth in a sleeping car, does not make out a *prima facie* case against the company; to sustain a recovery some evidence of negligence on the part of the defendant must be given.

Appeal from the County Court of Cook County; the Hon. EBEN B. GOWER, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 18, 1900. Rehearing denied.

**Statement by the Court.**—Appellant, a traveling sales-man for a Chicago business firm, October 29, 1890, intend-ing to go to Anna, Illinois, purchased a ticket on the Illi-nois Central Railroad, and also a ticket from appellee for a sleeping car. He started from Chicago between eight and nine o'clock P. M. at the last date, having in his card case, which he carried in his pocketbook, $135. There were two sleepers in the train, but only one conductor for the two sleepers. Appellant took a berth in one of the sleeping cars, and after the conductor had taken up his ticket he went into the smoking room of the car, where there were other persons. Afterward, and while he was in the smoking car, the conductor came there and asked him if he could change a twenty dollar bill. Appellant looked at his money, the conductor standing in the doorway of the smoker, and told him no. When appellant was about to retire for the night, he put his money in his card case, put the card case in his pocketbook, and the pocketbook in his vest, doubled up his vest, and threw it under his pillow in the berth where he slept. He slept in the lower berth. When he awoke in the morning he threw the pillow aside and looked for his pocketbook, but it was gone.

Appellant had traveled more or less for about twelve years on the Illinois Central Railroad, and had, for about seven or eight years next prior to the time in question, passed one or two nights each week in a Pullman sleeper. He says the practice as to keeping watch at night on the Pullman cars was, that the conductor stayed up till three o'clock in the morning, when he went to bed, and the porter of the car then got up. He also testified that the porter is allowed to black shoes for the passengers, and that when he arose in the morning his shoes were "shined."

The case was first tried in a justice's court, and next in the County Court, on appeal from the justice. The judg-ment was for appellee on each trial. The case was tried in the County Court by the court, without a jury, by agree-ment of the parties.

LORENZO C. BROOKS, attorney for appellant.

L. E. McPherson, attorney for appellee.

Mr. Justice Adams delivered the opinion of the court.

" The mere proof of the loss of money by a passenger while occupying a berth, does not make out a *prima facie* case, and to sustain a recovery some evidence of negligence on the part of the defendant must be given." Carpenter v. N. Y., N. H. & H. R. Co., 26 S. E. R. 277.

To the same effect is Pullman Car Co. v. Smith, 73 Ill. 360. None of the cases cited by appellant is to the contrary.

It is true, as contended by appellant's counsel, that direct proof of negligence is not necessary; that it may be inferred from facts and circumstances in evidence; but the court, whose province it was, sitting as a jury, to exercise the functions of a jury as to the facts, has found that the facts do not justify the inference that appellant's money was lost by reason of appellee's negligence, and the sole question presented for decision is, whether this finding is manifestly against the evidence. We can not say that it is. On the contrary, we think it sustained by Pullman Pal. Car Co. v. Smith, *supra.* The judgment will be affirmed.