DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1904.

---

### Lewis E. Dickinson, et al. v. Theodore A. Morgenstern.

#### Gen. No. 11,073.

1. ATTACHMENT ISSUE—*reference of, to an auditor.* The statute which pertains to actions of account and provides for a reference to an auditor, does not apply to an attachment issue arising in an action of account, and there is no practice in this state which would justify a reference to an auditor.

2. ATTACHMENT ISSUE—*advancement of hearing of.* It is within the power of the court to advance the hearing of an attachment issue.

3. ACTION OF ACCOUNT—*procedure in, where commenced before a justice.* Where an action of account has been commenced before a justice of the peace, no appointment of auditors is authorized by statute, and where such a case is appealed to the Circuit Court the trial is de novo, and the procedure must follow that provided for before the justice.

4. ABANDONMENT OF CAUSE OF ACTION—*right of plaintiff to, on appeal from justice.* Where an action is commenced before a justice of the peace and is subsequently appealed to the Circuit Court, the plaintiff may, upon the trial in such latter court, abandon his original cause of action and prove any demand which he may have against the defendant.

5. FAILURE TO FILE BRIEFS—*effect of, by appellee.* There is no rule of practice in the Appellate Court of the First District authorizing a reversal for the failure of the appellee to file a brief.

Action of account and attachment in aid thereof. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 14, 1904.

(543)

DICKINSON & HAREMSKI, appellants, *pro se;* WILLIAM E. HUGHES, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellants sued appellee in attachment before a justice of the peace, and such proceedings were had before the justice that the attachment writ was quashed and the suit dismissed, from which judgment appellants appealed to the Superior Court. In that court the issues tried were whether appellee should account to the appellants, and the attachment issues. The jury found that the defendant (appellee here) should account to the plaintiffs, and found the attachment issues in favor of the defendant. The court rendered judgment against appellants for the costs of the attachment. From this judgment appellants appealed.

Appellants' counsel say: "This appeal relates to the attachment issue only." Their objections are: "1. The attachment verdict and judgment are against the manifest weight of the evidence. 2. The attachment issue should have been reserved and referred to the auditor." The evidence in the case is very voluminous, in view of the amount involved, and we cannot refer to it in detail without unduly extending this opinion. We have, however, carefully read and considered it, and cannot say that the verdict is manifestly against the weight of the evidence. We find it difficult to understand the second objection of counsel, that the attachment issue should have been reserved and referred to the auditor. The objection probably has in view the statute, 1 S. & C.'s Stat., Ch. 2, in reference to the action of account. We know of no statute requiring the reference of an attachment issue to an auditor. That statute only requires reference to auditors after judgment that the defendant shall account, and the reference is as to the accounting solely. In actions of book account before justices of the peace, there is no appointment of auditors, but the justice examines the parties under oath. Ch. 2, *supra,* sec.

17. Consequently, when an appeal is taken from the judg-
ment of the justice in such an action, the trial being *de
novo*, the proceeding, if the plaintiff proceeds for an account-
ing, must be the same as before the justice, namely, the
court will examine the parties on oath, without reference
to an auditor. Of course, on appeal, the plaintiff is at lib-
erty, if he elects so to do, to abandon the proceeding for
an account, and to prove, if he can, any indebtedness of the
defendant to him, precisely as he might have done before
the justice. It was discretionary with the court to advance
the hearing of the attachment issue, (Page v. Dillon, 61 Ill.
App. 282,) but in the present case the attachment and ac-
counting issues were tried by the same jury at the same
time.

We find no error in the giving or refusal of instructions.

A motion by appellants to reverse the judgment, because
appellee filed no brief, was reserved to the hearing. No
rule of this court authorizes such action, and the motion is
overruled.

The judgment will be affirmed.                *Affirmed.*