**The Pine Tree Lumber Company, Defendant in Error, v. The Central Stock & Grain Exchange as Gar-nishee, and A. E. Stichtenoth as Defendant, Plaint-iffs in Error.**

**Gen. No. 13,752.**

1. JURISDICTION—*what presumptions indulged in favor of.* Every presumption will be indulged in favor of the regularity of the pro-ceedings in the trial court and of its jurisdiction of the parties and

the subject-matter of the suit, in the absence of a bill of exceptions, unless it is clearly manifest from the common law record that the court was without jurisdiction.

2. ATTACHMENT—*when notice by publication sufficient.* A notice by publication is sufficient to confer jurisdiction if all the material facts concerning the purpose of the suit are set forth.

3. ATTACHMENT—*when notice by publication not defective.* A notice by publication in an attachment suit is not defective in failing in its title to mention the garnishee, or in failing to describe the property taken under the writ of attachment.

4. SERVICE OF PROCESS—*when certificate that of corporation publisher.* A certificate of publication in form as follows:

"In testimony whereof the United States Corporation Bureau has caused this certificate to be signed by its secretary, and the corporation seal thereof to be affixed this 8th day of February, A. D. 1900.

FREDERICK A. ROWE,<br>Secretary,"

[CORPORATE SEAL.]

is a certificate of the corporation, and not of the individual signing as secretary.

5. GARNISHMENT—*when traverse of answer not defective.* The traverse of the answer of a garnishee need not be verified.

6. GARNISHMENT—*propriety of joint trial of main and collateral issues.* The issues as between the plaintiff and defendant in attachment and as between the plaintiff and the garnishee may properly be submitted to and determined by the same jury at the same time.

7. PRACTICE—*when objection comes too late.* An objection to the failure to verify a plea comes too late when first raised on appeal.

8. PRACTICE—*when notice of proceedings not essential.* Notice of the filing of the traverse to an answer of a garnishee need not be given.

9. TRANSCRIPT OF RECORD—*when signed verdict cannot be considered on review.* In the absence of a bill of exceptions certifying the same, a signed verdict cannot be considered on review.

10. AMENDMENTS AND JEOFAILS—*when notice of motion for leave to amend not essential.* A notice of an application for leave to amend need not be given to a defendant in default, regardless of whether he was served by ordinary process or by publication.

Assumpsit. Error to the Circuit Court of Cook county; the Hon RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 6, 1908.

JACOB J. KERN, JOHN A. BROWN and O'BRYAN & MARSHALL, for plaintiffs in error.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This cause is before the court for review on a writ of error to the Circuit Court in an effort to reverse a judgment of that court rendered in a suit in *assumpsit* with an attachment in aid.   The judgment against the defendant is for $3,586.39, and that against the garnishee in favor of defendant for $11,714.37.

The trial was before the court and jury and was *ex parte,* neither the garnishee nor defendant appearing by counsel or taking any part in the trial of the case.

The several parties will, for brevity, be referred to in this opinion respectively as plaintiff, defendant and garnishee.

It will be noted, in passing, that no bill of exceptions is found in the record, and that neither a motion for a new trial nor in arrest of judgment was made in the trial court.

Nothing but the common law record being here presented for our review, the law does not permit us to take cognizance of matters not disclosed by that record.

The errors assigned and argued challenge the jurisdiction of the trial court to enter the judgment.   It is insisted that the judgment is void.

Every presumption will be indulged in favor of the regularity of the proceedings in the trial court and of its jurisdiction of the parties and the subject-matter of the suit, in the absence of a bill of exceptions, unless it is clearly manifest from the common law record that the court was without jurisdiction.   The decisions of this court and of the Supreme Court of the state are both numerous and uniform in sustaining this proposition; Mullen v. The People, 138 Ill. 606; I. C. R. R. v. Town of Calumet, 151 *ibid.* 512; McKillip v. Bonynge, 86 Ill. App.. 619; Yaeger v. City of Henry, 39 *ibid.* 21.

It is first contended that the publication notice to the defendant was not in compliance with the statute, in that it did not mention the garnishee in its title or describe the property taken under the writ of attachment sued out in aid of the *assumpsit* suit.

An examination of the publication notice found in the record shows that it satisfies every material requirement of the statute. The purpose of notice by publication is to bring in the defendant to defend the suit brought against her as defendant. With this the garnishee had no concern. It was brought in by personal service of process, in obedience to which it appeared and answered the interrogatories propounded to it by the plaintiff. The notice further shows the name of the court and the term at which process is returnable, and that a writ in attachment in aid of the suit at law had been sued out, that the amount of the claim was $2,804.89, that the attachment writ had been levied upon property described and set forth in the return of the sheriff upon the writ. All the material facts concerning the purpose of the suit were set forth in the notice, the full particulars in relation to which could be ascertained from an examination of the papers, process and record in the cause. This is all the law requires. The statute does not require the name of the garnishee to appear in the title of the cause in the publication notice to defendant, and it has been expressly held that a description of the attached property need not be set out in such notice.

In Lawver v. Langhans, 85 Ill. 138, it is held unnecessary to give any description of the property attached in the notice of publication; citing in support of this ruling Morris v. Trustees of Schools, 15 Ill. 266. Firebaugh v. Hall, 63 Ill. 81, is in no way in conflict with these decisions. The facts in the latter case, as well as the nature of the action and the course of procedure, are so variant from those in the case at bar as to make it inapplicable.

It is next insisted that the certificate of publication of the notice is insufficient and not in compliance with

section 1, chapter 100, R. S. The notice was inserted in the "National Corporation Reporter," the publisher of which is the "United States Corporation Bureau." The certificate of publication is in no wise controverted either as to form or substance except as to its certifying terminal clause, which is in these words:

"In testimony whereof the United States Corporation Bureau has caused this certificate to be signed by its Secretary and the corporation seal thereof to be affixed this 8th day of February, A. D. 1900.

FREDERICK A. ROWE,

(Corporate Seal)                            Secretary."

We hold this to be a certificate of the publisher and its act by its secretary Counsel for garnishee concede that if Rowe had signed the certificate with the name of the publisher by himself as its secretary, "it would have complied with the law." The certificate in fact and by legal intendment is the certificate of the United States Corporation Bureau by Rowe, its secretary. The seal is that of the corporation, and it is appended to the certificate and is an act of the corporation publisher by Rowe, its secretary. The act of Rowe, the secretary is, in contemplation of law, the act of the corporation publisher.

Again, it is contended that the traverse filed by plaintiff to the answer of the garnishee should have been under oath. The statute contains no direction or provision for verifying such traverse by the oath of any person. The proceeding in garnishment is a statutory one, and while every material provision must be substantially complied with, nothing is to be read into the act amplifying it by legal construction. However, were the matter at all pertinent, the absence of any objection made in the trial court would preclude its being availed of on review.

It is said that the claim of defendant against the garnishee was for unliquidated damages, and therefore not the subject of garnishment. A complete and irrefutable reply to this contention is, that in the absence

of a bill of exceptions we cannot be informed as to whether the claim between the parties was one for unliquidated damages or not. The record of the judgment being in due form, the evidential facts upon which it is founded will be presumed to have been sufficient to sustain it.

We do not find any statute requiring notice to be given to the garnishee of the filing of a traverse to the answer of a garnishee. It is a familiar rule that when a party is once in court, either by service of process or voluntary appearance, the jurisdiction of the court over him continues until the final disposition of the cause, and he is bound in the meantime to take notice of every step taken in the cause and of every pleading filed in it. Niehoff v. The People, 171 Ill. 243.

Counsel argue that the verdict is not responsive to the issues, and they refer to the paper writing said to be the verdict signed by the jury. Even if this contention was supported by the verdict of the jury, or any other paper not found in the record, it would be of no avail. We cannot examine it; it is not before us, and with it we have no concern. Our review is confined to the verdict and judgment appearing in the record. This is in due form and unassailable. Inferentially at least this is conceded from the fact that it is only challenged on the ground that it is unsupported by the jury's signed verdict. As we are unable to take that verdict into view in determining its responsiveness or not to the issued joined, we must have recourse to the verdict found in the record on which to base our judgment. This is what we find:

"We, the jury, assess the plaintiff's damages against the defendant at the sum of three thousand five hundred and eighty-six dollars and thirty-nine cents; and we find that at the time of service on said garnishee Central Stock & Grain Exchange there was due and owing from said garnishee to the defendant herein the sum of eleven thousand seven hundred and fourteen dollars and thirty-seven cents."

This responds in every essential to the issues as they then existed between the plaintiff, the defendant and the garnishee.

But great stress is laid upon the proposition that the issues joined against the garnishee could not be submitted to the same jury assessing damages against the defaulted defendant, and that so doing in this case was in direct contravention of the provision of the garnishee statute that "no final judgment shall be entered against the garnishee in any attachment proceedings until the plaintiff shall have recovered a judgment against the defendant in such attachment"; and Fry v. Radzinski, 219 Ill. 526, is cited as a sustaining authority. We do not so regard it. The question here sought to be raised was not involved in the Radzinski case. That was a bill in equity seeking to enjoin a judgment at law in an attachment suit, where the judgment against the garnishee was rendered three years after the judgment against the defendant debtor. It was urged by complainant that he had no knowledge of the attachment proceeding until after judgment against the defendant debtor, and therefore no opportunity to interplead for the fund in the hands of the garnishee. But the court held the contention not well taken because complainant had no knowledge of the attachment proceeding until after judgment against the defendant, but had such knowledge prior to final judgment against the garnishee. The court barred the claim and dismissed the bill upon demurrer because complainant, after knowledge of the attachment proceeding, with ample time to interplead for the fund before final judgment against the garnishee, failed to assert his claim by interpleading for it, as provided by the garnishee act. True it is, the court did say, in its opinion, as quoted by counsel, "therefore the judgment against the garnishee is necessarily recovered subsequently to the rendition of the judgment against the attached debtor"; still that question was not involved, and such language is clearly *obiter*. But were it otherwise, it by no means necessar-

ily follows that the court intended to hold that the issues could not be submitted to the jury at the same time and included in the same verdict and judgment. That no final judgment shall be rendered against a garnishee until judgment has been rendered against the defendant, simply means that such judgment against the garnishee shall not precede the judgment against the defendant. No violation of this statutory provision occurred in the judgment here. The findings in the verdict and the recitations of the judgment clearly indicate that the liability of defendant was chronologically first determined and fixed, and then the liability of the garnishee to the defendant adjudicated and the amount due plaintiff carved out of it by making that amount payable for the use of the plaintiff. The statute does not contemplate two trials before different juries and at separate intervals of time, where, as in the case at bar, issues were joined on the answer of the garnishee.

It has been the uniform practice in this state to submit dual issues to the same jury in attachment and other proceedings. In Hawkins v. Albright, 70 Ill. 87, which was an attachment suit in which two issues were involved, the court say: "It is also objected that the judgment should have been special, finding separately on each issue instead of generally on all. * * * As the whole indicates all the parts, there is no difficulty in determining what the finding is on each material issue when it is known what it is on all."

The same question here involved was decided in Frankland v. Johnson, 46 Ill. App. 430. The issues were dual—the indebtedness and the right to maintain the attachment. The cause on these issues first proceeded to trial with a jury. In the midst of the trial, by agreement of counsel, the jury was dispensed with and the cause proceeded to judgment before the court. This court said, the late Mr. Justice Shepard voicing its opinion: "There is no support to the contention of counsel that Sec. 27 of the Attachment Act requires a separate trial of the right to attach; and the court

might properly have refused to try the cause by piece-meal.'' The judgment of this court was affirmed on further review, as appears from 147 Ill. 520, although this point was not discussed in the opinion. Italian Swiss Ag. Colony. v. Pease, 194 Ill. 98; Page v. Dillon, 61 Ill. App. 282.

To the objection that the pleadings could not be amended without notice to defendant after default, there are two conclusive answers. First, the statute permits such an amendment; and, second, if it did not, then the amendment made, which simply raised the amount of the *ad damnum,* left the pleadings as they were before amendment. This amendment was merely formal. The amount of the claim set forth in the affidavit and notice of attachment remained the same, the purpose of the amendment being to enable plaintiff to recover interest upon the claim from the time of commencing the suit until the date of the judgment. This amendment in no wise injected a new cause or action or changed the nature of the original demand, as was the case in Gilbert v. Am. Trust & Savings Bank, 118 Ill. App. 678. On amendment in a matter of form a defaulted defendant is not entitled to notice. Niehoff v. People, 171 Ill. 243. The rule is the same whether the service of process be personal or by publication. Vairin v. Edmonson, 10 Ill. 270; Smith v. Clinton, 13 Ill. App. 572.

Irrespective of the amount of the *ad damnum,* sec. 35, chap. 11, R. S., authorizes a judgment for the amount claimed due in the affidavit with interest accruing to the time of the judgment. Empire Car Roofing Co. v. Macey, 115 Ill. 390.

A computation of interest upon the amount claimed in the affidavit and notice, at the statutory rate, demonstrates that the amount of the judgment is but slightly larger than such computation. Had we power to review the record in this regard, which, in the absence of any evidence as to what the items were upon which the judgment is founded, we have not, the application of the

maxim *de minimis non curat lex* would be a sufficient curative.

The record being without reversible error, the judgment of the Circuit Court is affirmed.

*Affirmed.*