450 APPELLATE COURTS OF ILLINOIS.

Illinois Bridge & Iron Co. v. Town of Sullivan, 149 App. 450.

## Illinois Bridge & Iron Company, for use of Merchants & Farmers State Bank, Defendant in Error, v. Town of Sullivan, Plaintiff in Error.

1. SERVICE OF PROCESS—*when upon town sufficient.* *Held,* that the service of summons upon a town, in form as follows, complies with the statute: "I have served the within writ by delivering a true copy to B. W. Patterson, Supervisor of the Town of Sullivan."

2. APPEALS AND ERRORS—*when bill of exceptions essential.* Copies of instruments sued on filed with the declaration in an action at law, are not a part of the record unless made so by being embodied in the bill of exceptions.

3. APPEALS AND ERRORS—*presumptions in support of judgment.* In the absence of a bill of exceptions, unless it clearly appears from the common law record that the court was without jurisdiction, every intendment will be indulged in to sustain the judgment of the trial court and it will be presumed that the court heard sufficient competent evidence to sustain the finding and judgment.

Assumpsit. Error to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

R. M. PEADRO, for plaintiff in error.

JOHN E. JENNINGS, E. E. WRIGHT and W. K. WHITFIELD, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This was an action in assumpsit originally instituted against the Town of Sullivan and the highway commissioners of the Town of Sullivan. The declaration consisted of the consolidated common counts to which was attached a copy of the accounts sued on and also copies of certain orders upon the treasurer of said commissioners of highways, signed by said commissioners and payable to the Illinois Bridge & Iron Co. The summons in the case issued out of the Circuit Court of Moultrie county was in the usual form, commanding the sheriff of said county to summons the Town of

THIRD DISTRICT—MAY, 1909.    451

Illinois Bridge & Iron Co. v. Town of Sullivan, 149 App. 450.

Sullivan and the Highway Commissioners of the Town of Sullivan, and was returned by said sheriff as follows: "I have served the within writ by delivering a true copy to B. W. Patterson, supervisor of the Town of Sullivan, Job Evans, Arthur Fletcher and Winfield Murray, Commissioners of Highways of the Town of Sullivan, Illinois." There was no appearance in the case by the Town of Sullivan. After pleas filed by the commissioners of highways the declaration was amended and the suit was dismissed as to said commissioners of highways. Thereafter, the declaration was again amended by striking out the Commissioners of Highways as parties defendant and the Town of Sullivan was ruled to answer said amended declaration instanter, and upon its failure so to do it was defaulted and the judgment was rendered against it by default, upon the affidavit of merits filed with the amended declaration, for $11,363.22 and costs of suit. The affidavit of merits recites that there is due to the plaintiff from the Town of Sullivan the sum of $11,363.22 on account of certain materials furnished and labor performed in and about certain bridges for the Town of Sullivan, which were accepted by the highway commissioners of said town and that said highway commissioners issued their certain orders upon their treasurer for said labor and materials (which orders were set up in the declaration as copies of the instruments sued on), and that $486.77 of said amount is upon an open account for materials furnished to said Town of Sullivan at the request of the highway commissioners of said town. To reverse the judgment entered against it by default, the Town of Sullivan prosecutes this writ of error.

It is first urged that the court was without jurisdiction of the person of the plaintiff in error because there was no service of process upon it. Section 10 of the Practice Act provides that in suits against a town process may be served by leaving a copy thereof with the supervisor or town clerk. It is insisted that

a compliance with this statute required a return upon the summons in substance, as follows: "I have served the within writ on the defendant Town of Sullivan by delivering a true copy to B. W. Patterson, Supervisor of the Town of Sullivan." The return upon the summons by the sheriff as follows: "I have served the within writ by delivering a true copy to B. W. Patterson, Supervisor of the Town of Sullivan," was equivalent in all respects to the form of return suggested by counsel for plaintiff in error. A recital by the sheriff in his return that he had served the defendant Town of Sullivan, by etc., would have been merely the statement of a legal conclusion. The return as made recited the simple fact as to the manner of the service which was in compliance with the statute, and taking the summons and return together it constituted a sufficient service of process upon the Town of Sullivan. People v. City of Cairo, 50 Ill. 154.

It is next urged that the several orders or warrants drawn by the commissioners of highways upon their treasurer, copies of which were attached to the declaration and designated as the instruments sued on, were insufficient upon which to predicate a judgment against the plaintiff in error, because the plaintiff in error is not a party to such orders or warrants, and for other reasons. There is no bill of exceptions in this case. Copies of instruments sued on filed with the declaration in an action at law are not a part of the record unless made so by being embodied in a bill of exceptions. Garrity v. Lozano, 83 Ill. 597; Hippach v. First National Bank, 169 Ill. 515. In the absence of a bill of exceptions, unless it clearly appears from the common law record that the court was without jurisdiction, every intendment will be indulged in to sustain the judgment of the trial court, and it will be presumed that the court heard sufficient competent evidence to sustain the finding and judgment. Mullen v. The People, 138 Ill. 606; C., R. I. & P. Ry. Co. v. Town

of Calumet, 151 Ill. 512; Pine Tree Lumber Co. v. Central Stock & Grain Exchange, 140 Ill. App. 462.

It is conceded by plaintiff in error that where a contract has been fully performed and it only remains to pay the contract price, recovery may be had therefor under the common counts. Plaintiff in error being in default the material and traversable facts alleged in the declaration were thereby admitted and all that remained for the court to do was to make an assessment of damages. City of Chicago v. English, 198 Ill. 211.

We perceive no error in the record as presented for our consideration and the judgment of the Circuit Court will, accordingly, be affirmed.

*Affirmed.*